■ In the Matter of HYMAN H. SMITH et al., Petitioners, v. M. SPIEGEL & SONS, INC., et al., Respondents. (Action No. 1.) In the Matter of M. SPIEGEL & SONS OIL CORP., Respondent, v. DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, Appellant. (Action No. 2.) — Judgment of Supreme Court, Kings County, dated January 12, 1968, reversed insofar as appealed from, on the law, with costs to appellant against petitioner M. Spiegel & Sons Oil Corp., and Action No. 2 dismissed. Appeal from order of said court dated June 5, 1968 dismissed as academic in view of the determination on the appeal from the judgment, without costs. Petitioner M. Spiegel & Sons Oil Corp. purchased the premises on Surf Avenue, Brooklyn, New York, in June, 1967, with the intent to construct thereon a gasoline service station, a permitted use at the time. In August, 1967, it applied for a permit to demolish four of the six two-story frame houses on the property. The demolition permit was issued in the same month; all six of the buildings were demolished in September, 1967, after notice given by appellant, the Department of Buildings of the City of New York, that a statutory survey was to take

place and that, should the survey reveal the buildings to be dangerous and unsafe, application would be made for an order directing the demolition of the buildings. Thereafter, M. Spiegel & Sons retained architects to prepare plans and on October 2, 1967 made application for a permit to erect a gasoline service station. On October 27, 1967 the first of these two proceedings pursuant to CPLR article 78 was commenced by neighborhood civic associations and interested residents of the area to prohibit the issuance of the service station permit. On October 31, 1967 the second of the two proceedings was commenced by M. Spiegel & Sons to compel the Department of Buildings to issue such permit. However, the Department of Buildings was stayed from issuing a permit, by an order of the Supreme Court. While the stay was still in effect, on November 9, 1967 the Board of Estimate of the City of New York adopted a resolution rezoning the area from a C7 use, in which gasoline service stations were permitted, to an R6 use, in which gasoline service stations were prohibited. Special Term dismissed the petition in Action No. 1, granted the petition in Action No. 2 and directed the Department of Buildings to issue a permit to M. Spiegel & Sons for the construction of the service station. There are two rules to be applied in determining whether a party has acquired vested rights to a building permit prior to a zoning resolution amendment which would prohibit such use. The first, which applies where no permit has been issued, is that the party is entitled to the permit when the public officials in question willfully withhold and refuse to issue the permit and, in addition, mislead and hinder him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business in question and thereby could have acquired a vested right prior to the zoning amendment (*Matter of Dubow* v. *Ross*, 254 App. Div. 706). The second, which applies where a permit has been issued, is that vested rights are acquired where the property owner has commenced work of a substantial character on the property prior to the amendment (*Matter of Andgar Assoc.* v. *Board of Zoning Appeals*, 30 A D 2d 672; *Matter of Glenel Realty Corp.* v. *Worthington*, 4 A D 2d 702). We find that M. Spiegel & Sons is not entitled to the issuance of a permit under either rule. There is no merit to Spiegel's contention that it has satisfied the prerequisites of the first rule (cf. *Matter of Dyl & Dyl Development Corp.* v. *Building Dept. of the City of Yonkers*, 31 A D 2d 818 [decided herewith] and cases cited therein). The second rule is inapplicable to the situation at bar because no permit was ever issued; even if it could be applied, we find that the purchase of the property, the demolition of the structures thereon, and the retaining of architects to prepare plans was not work of a substantial character. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.