■ WILLIAM TAYLOR et al., Respondents-Appellants, v JOSEPH P. FOLEY et al., Appellants-Respondents, and DAYTOP VILLAGE FOUNDATION, INCORPORATED, Intervenor-Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh (hereinafter the board), dated February 10, 1984, which determined that the proposed use of a certain improved parcel of real property as a drug abuse counseling center was a permitted use under the town's zoning ordinance, the intervenor Daytop Village Foundation, Inc. (hereinafter Daytop), appeals, as limited by its notice of appeal and brief, and the members of the board separately appeal, from ·so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Palella, J.), dated September 25, 1984, as granted the petition to the extent of annulling the determination of the board and remitting the matter to the board for a hearing and de novo determination, and the petitioners cross-appeal from so much of the same order and judgment as, upon annulling the board's determination, remitted the matter to the board rather than determining as a matter of law that the proposed use is not a permitted use under the ordinance. The intervenor Daytop also appeals from an order of the same court, entered June 11, 1985, which treated its motion to dismiss the petition as one for renewal, and denied renewal.

On the court's own motion, the notices of appeal and cross appeal are treated as applications for leave to appeal, said applications are referred to Justice Rubin, and leave to appeal is granted by Justice Rubin.

Order and judgment dated September 25, 1984, reversed insofar as appealed from, on the law, determination confirmed, and proceeding dismissed on the merits.

Appeal from the order entered June 11, 1985, dismissed as academic, in light of the determination on the appeal from the order and judgment dated September 25, 1984.

One bill of costs is awarded to the members of the board and the intervenor appearing separately and filing separate briefs.

In 1983, the intervenor Daytop purchased a parcel of real property which was improved with a two-story building and which is situated within the Central Avenue Mixed Use Impact District of the Town of Greenburgh. Daytop subsequently applied to the town building inspector for a change of permitted use permit in order to use the property as a counseling and teaching center for adolescents with a history of drug abuse, the overwhelming majority of whom were involved in the use of alcohol and marihuana. The application was denied because the building inspector concluded that the proposed use was not a permitted use under the zoning ordinance. Daytop then appealed to the board solely on the issue of whether the proposed use was permitted. The board, after conducting public hearings on two separate occasions, concluded that Daytop's proposed use of the property was permitted as a professional office use under section 65.3.41.2 (1) of the town's zoning ordinance. The petitioners thereafter commenced the instant CPLR article 78 proceeding to review the board's determination, and Special Term granted the petition to the extent of annulling the board's determination and remitting the matter to the board for a hearing and de novo determination. Special Term's order and judgment forms the basis for the current appeals. We conclude that reversal and dismissal of the proceeding on the merits are warranted.

Section 65.3.41.2 (1) of the ordinance expressly permits the use of property located within the district for professional office uses. In determining that Daytop's proposed use fell within this category, the board relied upon section 65.2 of the ordinance, which defines "professional office" as follows: "An office for a person who practices an occupation in which some department of science or learning is applied to the affairs of others, either advising or guiding them, or otherwise serving their interests or welfare in the practice of an art founded on such knowledge. The word 'professional' implies attainments in knowledge as distinguished from mere skill, and the application of such knowledge to serve others. A professional license issued by the State of New York or validated membership in a national professional organization may be considered sufficient, but not necessary, to establish the status of a professional person". Contrary to Special Term's findings, we conclude that the board's interpretation and application of the ordinance in this case was not erroneous.

It is firmly established that a zoning board's determination may only be set aside where the record reveals illegality, arbitrariness or abuse of discretion *(see, Matter of Frishman v Schmidt,* 61 NY2d 823; *Matter of Cowan v Kern,* 41 NY2d 591; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). Moreover, a zoning board's interpretation of the ordinance which it administers may not be disturbed absent a showing that the interpretation is irrational or unreasonable *(see, Matter of Frishman v Schmidt, supra; Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638, *appeal discontinued* 65 NY2d 691; *Matter of Albert v Board of Stds. & Appeals,* 89 AD2d 960, *appeal dismissed* 59 NY2d 673). We discern no irrationality or arbitrariness in the board's decision in this case, as it was supported by substantial evidence. Indeed, the hearing record contains uncontroverted testimony that the Daytop facility is both licensed and supervised by the New York State Division of Substance Abuse Services, and is staffed with an amalgam of licensed teachers, social workers, psychologists, psychiatrists and "intensely trained paraprofessionals". Additionally, the services it offers include education, psychiatric counseling, and therapy. Hence, the record fully supports the board's determination that Daytop's proposed use was permitted under the ordinance as a professional office use, and Special Term erred in finding to the contrary.

Similarly unpersuasive is Special Term's finding that the board was required to consider both the impact of the Daytop center upon surrounding property values and the possibility of alternative sites for the proposed use. Section 65.3.41.1 of the town zoning ordinance expressly provides that in enumerating the permitted uses within the district, land values had already been taken into account. Moreover, since Daytop sought neither a variance nor any type of special permit in this case, the board was not required to explore the issues of property value impact or alternative sites. Finally, the express inclusion of professional office uses in the list of uses which are permitted within the district strongly suggests that a legislative determination has already been made that such uses will not be detrimental to the surrounding area *(see generally, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238; *RPM Motors v Gulotta,* 88 AD2d 658). Therefore, Special Term's order and judgment must be reversed.

In light of our determination, we find it unnecessary to

review the issues raised by Daytop's appeal from the denial of its motion to dismiss the proceeding, which was treated as a motion for renewal. We have considered the remaining contentions of the petitioners and find them to be without merit.

Brown, J. P., Weinstein, Rubin and Lawrence, JJ., concur.