■ ALDENDELL COMPANY, Appellant, v CIRO V. DILORENZO, as Building Inspector of the Town of Newburgh, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Building Inspector of the Town of Newburgh to issue a building permit, the petitioner appeals from a judgment of the Supreme Court, Orange County (Ritter, J.), dated January 20, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner sought to compel the Building Inspector of the Town of Newburgh to issue a building permit. The proper standard of review to determine if a building inspector should be compelled to issue a permit is whether the inspector's determination was arbitrary and capricious (see, CPLR 7803 [3]; Matter of Vergata v Superintendent of Bldgs., 108 AD2d 750).

In March 1973, the Zoning Board of Appeals (hereinafter the Board), in a resolution, granted the petitioner a special permit to allow the petitioner to convert a structure that the parties call a "carriage house" into a four-unit structure. In relevant part, the Board's resolution provided: "[t]he Building Inspector of the Town of Newburgh [is] authorized to issue a Special Permit to The Aldendell Company to authorized [sic] the conversion of the existing structure [the carriage house] * * * to multiple dwelling use, subject however to the approval of the Planning Board of the Town of Newburgh". Town of Newburgh Zoning Code § 53-33 (E), in effect at the time, provided: "Unless construction is commenced and diligently prosecuted within six (6) months of the date of the granting of a variance or special permit, such variance or special permit shall become null and void". Town of Newburgh Zoning Code § 53-27 (B) provided that the building inspector was not authorized to issue a building permit where "the site plan of such building is subject to approval by the Planning Board", until such approval was secured. The petitioner applied for a building permit in 1973 before approval of the site plan for the carriage house had been obtained. It was denied on October 5, 1973. Approval for the site plan was obtained on September 12, 1974. It was not until 1983 that the

petitioner commenced construction of the renovations to the carriage house. The petitioner then sought issuance of the building permit in 1985, some 11 years after receiving approval for the improvements as contemplated. It was again denied.

Based upon the foregoing, we conclude that the time from which the six months to commence and diligently prosecute the conversion of the "carriage house" into a four-unit structure began to run was September 12, 1974, the date of final approval of the site plan. However, in its affidavit in opposition to the respondents' motion for summary judgment, the petitioner conceded that the decision to forego the construction until December of 1983 and, indeed, the reapplication for a building permit until 1985, was motivated by economic considerations alone. We reject the petitioner's contention that the term "construction" as used in the Town of Newburgh Zoning Code § 53-33 (E) should be interpreted to include mere planning and design. Accordingly, the decision not to issue the building permit was not arbitrary and capricious. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.