OPINION OF THE COURT
Alexander, J.
Petitioner Tohr Industries Corp. owns an unimproved parcel in the City of Long Beach. In 1941, the land was zoned for a residential use. By resolution dated July 28, 1954, respondent, the Zoning Board of Appeals of the City of Long Beach, granted a variance to the previous owner permitting the construction of a building "to be used for business purposes as permitted in a Business 'A’ District”. Petitioner purchased the land in 1982 with the intention of using it for such a permitted commercial purpose. The Building Commissioner initially advised petitioner that the variance was still in effect, that a retail store could be constructed and that application could be made for the necessary building permits. The Commissioner subsequently determined, however, that based upon a substantial change in the character of the neighborhood and because no vested rights had accrued in the variance since its issuance 32 years earlier, he would petition the Zoning Board of Appeals to conduct a public hearing on the variance. Petitioner’s attempt to judicially challenge this determination was dismissed for failure to exhaust administrative remedies. The Zoning Board of Appeals conducted a hearing in March 1986 and revoked the variance because it determined that the character of the neighborhood had changed substantially since the variance was originally granted.
This article 78 proceeding seeking to annul respondent’s determination ensued. Supreme Court denied the application and dismissed the petition. The Appellate Division reversed, reasoning that there was no claim that respondent had acted "in excess of its jurisdiction” when the variance was originally granted and therefore respondent’s reconsideration and revocation of the variance was illegal (Matter of Tohr Indus. Corp. v Zoning Bd. of Appeals, 148 AD2d 457, 458). We now affirm, but for reasons different than those stated at the Appellate Division.
General City Law § 19 confers upon cities the general powers to regulate, manage and control their property and *578 local affairs. Zoning powers are granted by General City Law § 20. Subdivision (24) of that section empowers cities, inter alia, "[t]o regulate and limit the height, bulk and location of buildings” and subdivision (25) grants the power "[t]o regulate and restrict the location of trades and industries and the location of buildings, designed for specified uses”. To implement these powers, General City Law § 81 (1) authorizes the creation of a Zoning Board of Appeals to "hear and decide all matters * * * upon which they are required to pass under any ordinance * * * adopted pursuant to [General City Law § 20 (24), (25)]”. The Board is also empowered to "hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance” (General City Law § 81 [1]) and to grant variances from the regulations or ordinances "relating to the use, construction, structural changes * * * of buildings or structures, or use of land” where practical difficulties or unnecessary hardship are demonstrated (General City Law § 81 [4]).
Respondent argues that authority to revoke a previously granted variance may be implied from the general grant of power in General City Law §81 (1) (cf., Chapmald Realty Corp. v Board of Stds. & Appeals, 76 NYS2d 296 [Board of Standards and Appeals empowered by Charter of the City of New York to rehear variance application]; compare, Town Law § 267 [6] [expressly empowering zoning board to review and "reverse, modify or annul” its prior determination]; Matter of Mendozza v Board of Zoning Appeals, 30 AD2d 863 [construing Town Law § 267 (6)]; Matter of Ambrosio v Zoning Bd. of Appeals, 196 Misc 1005 [same]; see also, Gina Petroleum v Zoning Bd. of Appeals, 127 AD2d 560 [Town Law § 267 (5) and zoning ordinance confer power to extend expired variance]). Thus respondent urges that revocation of the variance for petitioner’s property was within the designated scope of its authority and therefore that the petition should be dismissed.
Respondent’s argument must fail because its authority in this regard is limited by the express language of the Code of Ordinances of the City of Long Beach. While that ordinance confers broad authority upon the Zoning Board to grant both conditional and unconditional variances, it authorizes the Zoning Board to revoke only those variances wherein "any condition imposed by [the Zoning Board] either has not been complied with or has been breached or violated” (Code of Ordinances of City of Long Beach § 20-14 [j]). There is no *579 indication nor any claim that the variance granted to petitioner’s predecessor was in any sense conditional and consequently no indication that a condition was not satisfied.
We cannot determine on the record before us and thus must reject respondent’s alternative contention that the original variance is no longer in existence because the determination granting this variance was annulled by Supreme Court in 1955.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.