■ In the Matter of ELM STREET ASSOCIATES, Respondent, v
JOHN L. SNIADO, as Chairman of the Board of Appeals of the
City of Rye, et al., Appellants.—In a proceeding pursuant to
CPLR article 78 to review a determination of the Board of
Appeals of the City of Rye, dated September 8, 1988, which
denied the petitioner's application, *inter alia,* for a special
exception to use the fourth floor of a building for office use
and interpreted the City of Rye Zoning Code as requiring an
application for a variance, the members of the Board of
Appeals of the City of Rye appeal, as limited by their brief,
from so much of an order and judgment (one paper) of the
Supreme Court, Westchester County (Silverman, J.), dated
March 15, 1989, as annulled that portion of their decision as
interpreted the code as requiring an application for a vari-
ance.

Ordered that the order and judgment is affirmed insofar as
appealed from, without costs or disbursements.

The petitioner Elm Street Associates (hereinafter the owner)
purchased a four-story warehouse in Rye's B-2 Central Busi-
ness District and planned to convert it into a restaurant on
the first floor and offices on the remaining three floors. The
building had been constructed in 1947 and was used continu-
ously as a warehouse until 1987. In 1956 the city's zoning code
was changed to limit the height of buildings in the B-2
Central Business District to three stories and to prohibit
warehouses. The issue raised in this appeal is whether the

owner was required to seek approval from the City Board of Appeals to convert the fourth floor to office use.

Resolution of this issue depends on an interpretation of City of Rye Zoning Code § 197-5 (A) (7), which provides as follows:

"§ 197-5. Continuing or replacing existing uses or structures.

"A. Regulation of nonconforming uses or structures. * * *

"(7) A building that is conforming in use but does not conform to the height, yard or land coverage requirements of this chapter shall not be considered to be nonconforming within the meaning of this Subsection A. However, no permit shall be issued that will result in the increase of any nonconformity in height, yard space or land coverage".

The owner contends that since the proposed office and restaurant use of the property is permissible in a B-2 zone, the use of the building is not rendered nonconforming simply because the building exceeds the permissible height limit. The Board determined that City of Rye Zoning Code § 197-5 (A) (7) was inapplicable because the building was not "conforming in use" in 1956 when that section of the code became effective. The Board therefore treated the application for a special exception as one for a variance to use the fourth floor for offices and denied the variance because the owner failed to prove practical difficulties or unnecessary hardship. We agree with the Supreme Court's determination that the Board's interpretation of the code was unreasonable and irrational.

Generally, a decision by a Board of Appeals as to the application of a provision of a zoning code to a particular property will be upheld unless unreasonable or irrational (see, Appelbaum v Deutsch, 66 NY2d 975; Matter of Frishman v Schmidt, 61 NY2d 823; Gillen v Zoning Bd. of Appeals, 144 AD2d 433). We find that the Board's interpretation of this section of the code cannot be upheld. A statute should be construed according to the ordinary meaning of its words (see, Matter of Town of New Castle v Kaufmann, 72 NY2d 684). The code clearly excludes from the nonconforming category those buildings which are "conforming in use" but exceed height regulations (City of Rye Zoning Code § 197-5 [A] [7]). We find unpersuasive the Board's contention that limiting the scope of this section to buildings that were conforming in use prior to 1956 is necessary to further the legislative purpose of eliminating nonconforming uses. Since the owner proposed to use the building for offices, a permissible use in the zoning district, the portion of the Board's determination requiring the owner to apply for a variance for the use of the fourth floor

for office purposes was properly annulled. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.