■ In the Matter of ARMAND NINNIE, Appellant, v CLARA L. GOULD et al., Constituting the City Council of the City of Beacon, et al., Respondents.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Hillery,

J.), entered October 10, 1990 in Dutchess County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the City Council of the City of Beacon revoking petitioner's special use permit.

In September 1988, petitioner applied to the City Council of the City of Beacon (hereinafter the Council) in Dutchess County for a special use permit allowing him to use that portion of his property zoned RD-3 (which permits one dwelling unit per 3,000 square feet of land) to construct a six-unit apartment building. Petitioner's application was referred to the City's Planning Board, which recommended the issuance of a special use permit. A public hearing was held by the Council and, on September 19, 1988, the special use permit was granted "subject to final site plan approval by the Planning Board". On December 15, 1988, the Planning Board granted conditional approval of the site plan, and on January 20, 1989 the conditions were deemed satisfied.

Petitioner applied to the Council for an extension of his permit in September 1989 and applied for a building permit on December 13, 1989. On December 15, 1989, petitioner reapplied for an extension of his special use permit because no action was taken on his initial request for an extension. At the December 29, 1989 Council meeting the extension was granted. A newly elected Council met on January 16, 1990 and revoked the extension. Petitioner commenced this CPLR article 78 proceeding to annul the Council's action. After respondents answered and on respondents' motion, Supreme Court dismissed the petition.

Petitioner appeals and contends that the Council abused its discretion in revoking the extension of his special use permit because its action was based on the mistaken fact that the permit had expired before petitioner applied for the extension. Respondents claim that the special use permit was wrongfully granted in the first place and that the revocation of the extension was, therefore, proper.

The City's zoning ordinance provides that a special use permit shall expire if all required improvements are not completed within one year from the date of issuance of the permit. In the absence of any impediment in the zoning ordinance, the Council's authority to issue such permits includes the power to grant an extension if the application for an extension is made while the special use permit is valid *(see, Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52, 59-60). We are also of the view that the Council's authority includes the power to revoke a previously granted extension, unless

that authority is expressly limited by the zoning ordinance *(see, Matter of Belclaire Holding Corp. v Klingher,* 28 AD2d 689; *cf., Matter of Tohr Indus. Corp. v Zoning Bd. of Appeals,* 74 NY2d 575, 578), subject to the common-law doctrine of vested rights *(see, Matter of Estate of Kadin v Bennett,* 163 AD2d 308, *lv denied* 77 NY2d 801).

Petitioner's application for an extension was timely *(see, Aldendell Co. v Dilorenzo,* 144 AD2d 608), but we see no abuse of discretion in the Council's decision to revoke the previously granted extension. Contrary to petitioner's contention that a vested right is attained upon the issuance of a special use permit, a vested right to complete the project is attained "when substantial work is performed and obligations are assumed in reliance on a permit legally issued" *(Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 218, *affd* 32 NY2d 796, *cert denied sub nom. Baum v Lefrak Forest Hills Corp.,* 414 US 1004). There is a rational basis for the conclusion that no vested rights were obtained *(see, Matter of Smith v Spiegel & Sons,* 31 AD2d 819, 820, *affd* 24 NY2d 920). The City's Building Inspector swore that no substantial work had been completed prior to the revocation of the extension.

Weiss, Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.