■ In the Matter of HOWARD LOEWENTHEIL, INC., et al., Respondents, v SALVATORE M. CRESENZI et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review administrative determinations denying the petitioners' application for subdivision approval or a variance, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered July 18, 1990, which annulled the determinations, granted the petition, and directed the Village of Rye Brook Planning Board and Board of Trustees to issue a determination on the petitioners' subdivision application.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner Howard Loewentheil, Inc., is the owner of a 58,000 square foot parcel of real estate located at 6 Hawthorne Avenue in the Village of Rye Brook, New York. Beginning in October 1988 the petitioners sought approval to subdivide the parcel into seven lots and build two-family residences on six of those lots. There was an existing one-family house on the parcel which would remain. During the course of the next nine months, the appellants raised various concerns with the proposed subdivision plan. To alleviate these concerns, the petitioners submitted various alternate plans including a six-lot plan, a five-lot plan, and a cluster type housing plan.

Finally, on July 13, 1989, the appellants rejected subdivision

approval based on the Village Attorney's conclusion that the parcel was within both a two-family zone and one-family zone, and pursuant to Local Laws, 1985, No. 3 of the Village of Rye Brook § 5.4.8 which provided in relevant part: *"Subdivision with Land in Two or More Zoning Districts or Municipalities:* In general, a lot should not be divided by a zoning district or municipal boundary. If it is, however, necessary for a zoning district boundary to cross a lot, such lot shall be designed so that it can be readily developed in accordance with the standards of the more restrictive zoning district". The Village's Attorney's conclusion that the parcel was in two zones was based on evidence that while the zoning boundary lines of the Village's 1954 official map had not changed, the property lines in the vicinity of the two-family/one-family zoning boundary line, including the property lines of the petitioners' parcel, had changed.

We reject the Supreme Court's conclusion that the appellants' denial of subdivision approval was arbitrary and capricious. It is well established that such a determination may only be set aside where the record reveals illegality, arbitrariness, or abuse of discretion *(see, Matter of Frishman v Schmidt,* 61 NY2d 823; *Matter of Cowan v Kern,* 41 NY2d 591; *Taylor v Foley,* 122 AD2d 205, 207; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). There was substantial evidence in the record to support the conclusion that the petitioners' property was in the two zoning districts. Moreover, we do not find the appellants' interpretation of the zoning regulation to be irrational or unreasonable *(see, Matter of Frishman v Schmidt, supra; Matter of Elm St. Assocs. v Sniado,* 159 AD2d 570; *Taylor v Foley, supra).* Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.