■ In the Matter of S. HOWARD PADWEE, Appellant, v LOUIS LUSTENBERGER et al., Constituting the Zoning Board of Appeals of the Village of Irvington, et al., Respondents. [641 NYS2d 159] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Lefkowitz, J.), entered June 1, 1994 in Westchester County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Village of Irvington denying petitioner's request to interpret the zoning ordinance so as to give petitioner a vested right in a five-lot subdivision subsequent to the enactment of a restrictive zoning amendment.

In 1972, petitioner purchased a 3.924-acre parcel of real property improved with a single-family residence (hereinafter the property) in the Village of Irvington, Westchester County, for $185,000. In 1987, he submitted an application for subdivision approval to the Village Planning Board, seeking to divide the property into five lots: one lot on which his residence was located, and four additional building lots of approximately one-half acre each. The application was approved and a plat was filed on April 26, 1988. As a condition of the approval, petitioner was required to make certain improvements to the land, including, among other things, the construction of a 285-foot road with a center island cul-de-sac, and the installation of water and sewer mains.

On February 27, 1989, respondent Village of Irvington amended its zoning ordinance, changing the classification of petitioner's property from IF-20 (which specifies a minimum lot size of one-half acre for residential development) to IF-40

(which requires a one-acre lot for that purpose). Pursuant to Village Law § 7-708, petitioner was afforded a three-year exemption from the application of this amendment, commencing on the date the plat was filed. Before the three years had expired, petitioner (who had sold the lot on which his house was situated in 1988 for $1.2 million) completed the mandated improvements, and sold one of the four additional lots—upon which a residence was later constructed—for $325,000.

When petitioner received an offer to purchase one of the three remaining lots, and applied for a building permit in connection therewith (after the three-year exemption period had expired), he was informed that his application raised a question with respect to the applicability of the zoning ordinance, as amended. Petitioner then sought a declaration from the Village Zoning Board of Appeals (hereinafter the Board) that he had acquired a vested right to complete the five-lot subdivision as originally planned in accordance with the zoning in effect at the time the plat was filed (*see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 125).

After hearing evidence and argument presented by petitioner's counsel, as well as an attorney representing several neighbors who opposed the application, the Board found that petitioner had made substantial expenditures to improve the land for subdivision purposes, but that because the improvements in question would, in large part, be equally useful in a three-lot subdivision permissible under the new zoning requirements, petitioner could not, by virtue of having completed them, be said to have obtained a vested right to the previously planned, but now nonconforming, subdivision (*see, Ramapo 287 Ltd. Partnership v Village of Montebello,* 165 AD2d 544, 547; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365, 373, *affd* 77 NY2d 114). Moreover, the Board found that even if petitioner had acquired a vested right to a five-lot subdivision, he had been divested of that right, for he had fully recouped his investment in the property (*see, Matter of Schoonmaker Homes—John Steinberg, Inc. v Village of Maybrook,* 178 AD2d 722, 725-726, *lv denied* 79 NY2d 757; *Matter of Putnam Armonk v Town of Southeast,* 52 AD2d 10, 15). The Board's denial of petitioner's application prompted this CPLR article 78 proceeding wherein Supreme Court found that petitioner had obtained a vested right to the subdivision as originally planned, but confirmed the Board's decision on the ground of recoupment. Petitioner appeals.

We affirm, but not for the reason advanced by Supreme Court. Rather, we find that petitioner's ability to make use of

the improvements he installed, in a three-lot subdivision acceptable under the amended zoning ordinance, precludes him from claiming a vested right to complete the five-lot subdivision.* On the basis of the factual and opinion evidence before it, the Board found that a majority of the improvements made by petitioner would be "equally useful" in a three-lot development that would conform to the present zoning requirements, and that the cost of creating such a development would not have been significantly less than the amount petitioner expended to implement the five-lot plan. As that conclusion is amply supported by the testimony of Larry Nardecchia, a licensed professional engineer who testified for the objectants, it is neither arbitrary nor irrational (*see, Matter of Howard Loewentheil, Inc. v Cresenzi*, 185 AD2d 979, 980, *lv denied* 81 NY2d 709). Accordingly, the Board's determination should have been confirmed on the ground that petitioner did not, by virtue of making these improvements, obtain a vested right to pursue his original plan to subdivide the property into five lots.

Given the disposition reached, there is no need for us to confront the issue of whether a developer's recoupment of the amount spent on improvements, through the sale of some of the proposed lots, is enough, without more, to justify finding that a vested right to proceed with a subdivision plan has been lost.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.

* Petitioner's contention, that the Board is prohibited from challenging Supreme Court's finding that he had obtained vested rights because it has not cross-appealed from the judgment, is unavailing. The Board, having achieved the outcome it sought before Supreme Court (confirmation of its determination), is not aggrieved by the judgment and therefore could not appeal therefrom. Under these circumstances, the prevailing party is entitled to rely upon any issue that was "raised below and properly preserved" as an alternate ground for affirmance (1 Newman, NY Appellate Practice § 3.03 [2]; *see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 544-546).