■ In the Matter of PETE DROWN, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF ELLENBURG, Respondent. [646 NYS2d 205] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered April 14, 1995 in Clinton County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, challenge a certain zoning ordinance enacted by respondent.

In 1988, petitioner Elvin F. Drown, president of petitioner Pete Drown, Inc. (hereinafter PDI), decided to construct a medical waste incineration facility in the Town of Ellenburg, Clinton County. The Town had no zoning ordinance at that time. After initial plans to locate the incinerator on the site of a crematorium owned and operated by PDI were rejected by the State Division of Cemeteries, petitioners purchased a separate parcel of property for the planned waste disposal facility. Petitioners also made arrangements to borrow over $500,000 to purchase the incinerator and, in November 1989, applied to the Department of Environmental Conservation (hereinafter DEC) for a permit to operate it.

In January 1990, shortly after receiving notice of petitioners'

intentions, respondent passed a resolution prohibiting the handling of waste for incineration in the Town; a month later, it enacted a local law banning the operation of commercial incinerators. In March 1990, respondent appointed a zoning commission and, in preparation for the adoption of a land use plan and zoning law, imposed a moratorium on the construction and establishment of commercial buildings. Public hearings were held and, ultimately, in April 1991, respondent passed a comprehensive zoning law that forbade the incineration of commercial or hazardous (including infectious) waste within the Town. By this time, petitioners allege that they had spent over $850,000 for the project, the majority of which was expended to purchase and ready the incinerator itself, which was held in storage pending receipt of the necessary DEC permit. That permit was not issued until July 1994, when the State environmental quality review process (*see*, ECL art 8) was complete.

Petitioners thereafter commenced this combined action and proceeding seeking to annul the Town zoning law or, in the alternative, to obtain a declaration that they had acquired a vested right to operate the incinerator prior to its enactment. Their application having been dismissed by Supreme Court, petitioners appeal.

We affirm. Petitioners' contention that the zoning law is invalid because the procedural requirements of Town Law § 264 (2) were not met—namely, that the Town neglected to notify two adjoining municipalities of the public hearings held with respect thereto—is ineffectual, given the uncontroverted proof that the law was adopted in accordance with the alternate procedure outlined in Municipal Home Rule Law §§ 20 and 27 (*see, Village of Savona v Soles,* 84 AD2d 683, 684; *Yoga Socy. v Incorporated Town of Monroe,* 56 AD2d 842, 843). And, petitioners' reliance upon our holding in *Matter of Cipperley v Town of E. Greenbush* (213 AD2d 933), wherein we annulled a zoning ordinance because of a failure to give notice as required by Town Law § 264, is misplaced, for there it was not even insinuated, no less proven, that the ordinance in question had been validly enacted pursuant to the Municipal Home Rule Law.

Equally meritless is petitioners' vested rights claim. A property owner acquires a vested right to complete a project when the activities undertaken in furtherance thereof are such that the deprivation worked by the enforcement of a subsequently enacted or modified zoning law would inequitably cause a serious hardship or loss (*see, People v Miller,* 304 NY 105, 108-109; *see also, Matter of Ellington Constr. Corp. v Zoning Bd. of Ap-*

*peals*, 77 NY2d 114, 122). Where, as here, there has been no construction or other change to the land itself (*see, Matter of Gershowitz v Planning Bd.*, 69 AD2d 460, 479, *revd on other grounds* 52 NY2d 763; *Matter of Putnam Armonk v Town of Southeast*, 52 AD2d 10, 14-15), and no indication that the improvements or expenditures made in reliance on the prior state of the law cannot be recouped in the marketplace or put to equal use despite the new law's requirements (*see, Matter of Padwee v Lustenberger*, 226 AD2d 897, 898), enforcement of the new law cannot be said to cause the type of "serious harm" necessary to justify a finding that rights vested prior to its enactment (*see, People v Miller, supra*, at 109). The relief requested by petitioners is, accordingly, unwarranted.

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.