■ In the Matter of THREEFOLD EDUCATIONAL FOUNDATION, INC., Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF CHESTNUT RIDGE, Respondent. [647 NYS2d 106] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Chestnut Ridge, dated August 12, 1993, which rejected the petitioner's proposed interpretation of a provision of the local zoning law, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated July 25, 1995, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is an educational corporation which owns property on Hungry Hollow Road in the Village of Chestnut Ridge, an RR-50 (rural-residential) zoning district. Intending to use a portion of the property to erect several dormitory buildings, the petitioner sought an interpretation from the respondent Zoning Board of Appeals (hereinafter the Board) of Column D, No. 7 of the Village Table of General Use Requirements (Part I). Column D, No. 7 expressly refers to Article XII, Section 2 of the Zoning Law of Village of Chestnut Ridge, entitled "Dormitories". By resolution dated August 12, 1993, the Board interpreted the foregoing provisions as permitting the building of only one dormitory absent the issuance of a variance from the Village. The petitioner then commenced the instant CPLR article 78 proceeding to annul the Board's determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

It is well established that a zoning board's determination should not be set aside unless the record reveals illegality, arbitrariness, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Taylor v Foley,* 122 AD2d 205, 207). Moreover, when the question involves the propriety of the zoning board's interpretation of an ordinance which it is charged to administer, such interpretation will not be disturbed absent a showing that it was irrational or unreasonable *(see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825; *Taylor v Foley, supra).* We agree with the Supreme Court that the Board's interpretation of the zoning regulations as permitting the construction of only one dormitory absent a variance was consistent with the regulatory language. Thus, the Board's determination was neither irrational nor unreasonable *(see, Matter of Frishman v*

*Schmidt, supra; Taylor v Foley, supra).* Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.