■ In the Matter of TOWN OF PREBLE, Petitioner, v MICHAEL D. ZAGATA, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. [693 NYS2d 766] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Cortland County) to review a determination of respondent Commissioner of Environmental Conservation which granted a mining permit to respondent Preble Aggregate, Inc.

In December 1986, respondent Preble Aggregate, Inc. applied to the Department of Environmental Conservation (hereinafter DEC) for a Mined Land Reclamation Permit for a proposed sand and gravel mine in the Town of Preble, Cortland County (*see*, ECL 23-2701 *et seq.*; *see also*, 6 NYCRR parts 420-426).* The proposed plans provided for mining approximately two million cubic yards of sand and gravel from approximately 25 acres of a 40-acre site over a 20-year period, including the removal of materials from below the water table to a maximum depth of 40 feet. Preble Aggregate proposed to reclaim the site as a pond/wetland area suitable for fish and wildlife habitat when the mining was complete.

DEC determined that the proposed project would have a significant impact on the environment and issued a positive declaration in November 1988. A draft environmental impact statement was completed and accepted. A legislative public hearing and issues conference were thereafter held to determine substantive and significant issues.

In August 1993, an Administrative Law Judge (hereinafter ALJ), *inter alia*, granted petitioner party status and directed Preble Aggregate to prepare a supplemental environmental impact statement (hereinafter SEIS), which was subsequently accepted by DEC. Following another legislative public hearing, the ALJ ruled that there was one issue for adjudication—the loss of prime agricultural land versus the need for gravel. Upon administrative appeal, respondent Commissioner of Environmental Conservation affirmed that ruling.

Following an adjudicatory hearing the ALJ found, *inter alia*, that approximately 10 acres of the 40-acre site had already been lost to farming as a result of previous mining activity; that approximately 14 acres of prime agricultural land would be lost due to the proposed mining project; that there was an insufficient local source of high quality sand and gravel; and that there were sufficient on-going and future Department of Transportation (hereinafter DOT) construction projects for which the sand and gravel from the mine could be used. The ALJ recommended that the permit be issued to Preble Aggregate, determining that the need for the sand and gravel to be extracted from the proposed mining outweighs the loss of prime farmland at the site from the mining process.

The Commissioner thereafter adopted the findings of the ALJ and concluded that the proposed mining would not have a

---

* *See, Matter of Preble Aggregate v Town of Preble* (263 AD2d 849 [decided herewith]).

significant adverse environmental impact, when weighed against the need for sand and gravel and the responsibility to assure orderly development of mining to provide materials for road construction and related construction needs. On September 4, 1996, DEC issued a mining permit to Preble Aggregate.

When petitioner initiated this proceeding pursuant to CPLR article 78 to challenge the Commissioner's determination to issue the permit, it failed to name Preble Aggregate as a party. Supreme Court thereafter granted Preble Aggregate's motion to intervene and dismissed the petition for failure to name a necessary party. This Court reversed so much of the order as dismissed the petition and remitted the matter to Supreme Court for further proceedings (250 AD2d 912). Thereafter, the Commissioner and Preble Aggregate filed answers and the proceeding was subsequently transferred to this Court. We now confirm DEC's determination issuing the challenged permit.

Initially, we note that, inasmuch as the Commissioner and DEC concluded that there were substantive and significant issues raised by the public and other concerned parties, the resulting adjudicatory public hearing was mandatory, and the proper standard of review of the Commissioner's determination is whether the determination is supported by substantial evidence (*see,* 6 NYCRR 621.7 [b]; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Mt. Hope Asphalt Corp. v Zagata,* 248 AD2d 540, *lv denied* 92 NY2d 806, *cert denied* 525 US 1041; *compare, Matter of Regional Action Group for Envt. v Zagata,* 245 AD2d 798, 800, *lv denied* 91 NY2d 811). Further, while judicial review must be meaningful, the fact that a different determination could have been made on the basis of the conflicting evidence does not justify judicial interference so long as the agency's determination has a rational basis (*see, Matter of Merson v McNally,* 90 NY2d 742, 752; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416; *Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 221).

According great weight and judicial deference to the agency's determination which entailed technical and specialized expertise (*see, Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 363; *Matter of Regional Action Group for Envt. v Zagata, supra*), we find petitioner's contention that the Commissioner's decision was not supported by substantial evidence to be without merit. The testimony of Preble Aggregate's witness, Jonathan Harrington, a geologist who prepared the SEIS, supported the ALJ's conclusion that only approximately 14 acres of prime ag-

ricultural land would in fact be lost due to the proposed mining project. Harrington's testimony likewise supported the ALJ's conclusion that there was a need for additional aggregate. With respect to this issue, Preble Aggregate's submission of a DOT Project Listing for 1995-2000, as well as letters from several central New York companies stating that the proposed mining would provide a much needed addition to the construction materials market in Cortland and southern Onondaga Counties, further supported the ALJ's determination. Keith Hawkins, a principal of Preble Aggregate, also testified that there was a market demand for gravel, and that he had received calls from businesses inquiring as to the status of the mining application.

Despite petitioner's argument to the contrary, the record reflects that the Commissioner properly and carefully balanced the need for farmland with the need for mineral resources. Consequently, the determination should not be disturbed, where, as here, it is supported by substantial evidence. Finally, we note that DEC's issuance of a permit does not relieve Preble Aggregate of the need to obtain any required local permits or zoning changes (*see, Matter of Sour Mountain Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 924).

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the determination is confirmed, without costs, and petition dismissed.