■ PREBLE AGGREGATE, INC., Appellant, v TOWN OF PREBLE, Respondent. [694 NYS2d 788] —Spain, J. Appeal from an order and judgment of the Supreme Court (Relihan, Jr., J.), entered July 15, 1998 in Cortland County, which, *inter alia*, granted defendant's motion for summary judgment dismissing plaintiff's remaining causes of action in the complaint.

In December 1986, plaintiff filed a mining permit application with the Department of Environmental Conservation (hereinafter DEC) to mine approximately 25 acres—some of it below the watertable—in defendant, the Town of Preble in Cortland County.* In 1987, plaintiff sought a special use permit from the Town for this project. At that time, the Town had in effect an ordinance (hereinafter section 27) which prohibited mining below the watertable but otherwise permitted it upon issuance of a special use permit.

The Town denied plaintiff's request to repeal the ordinance. Plaintiff thereafter commenced an action against the Town challenging the validity of section 27, arguing that ECL 23-2703 preempted section 27. Supreme Court held that section 27 amounted to a regulation of mining and that ECL 23-2703 superseded it, a ruling this court affirmed in December 1988 (*Hawkins v Town of Preble*, 145 AD2d 775).

Prior to this Court's affirmance, on July 11, 1988 the Town adopted a new zoning law, namely Local Laws, 1988, No. 1 of the Town of Preble § 26A (hereinafter the Local Law), which prohibited all mining in the geographic area which included the tract proposed to be mined by plaintiff. In December 1990, plaintiff commenced this action alleging that the Local Law was invalid because the Town, in enacting it, did not comply with the filing procedures of the Municipal Home Rule Law. Plaintiff also contended that the Town acted in bad faith in appealing the adverse ruling on section 27 in order to delay DEC approval of the project so that it could enact the Local Law. Plaintiff further alleged that the Town's actions constituted a regulatory taking, and sought damages. Supreme Court denied plaintiff's motion for partial summary judgment to invalidate the Local Law, holding that it was properly filed with the Secretary of State, and this Court affirmed (247 AD2d 697).

In May 1998, in response to the parties' cross motions for summary judgment, Supreme Court granted defendant's motion for summary judgment dismissing the remaining causes of

---

* *See, Matter of Town of Preble v Zagata* (263 AD2d 833 [decided herewith]).

action, finding that the Local Law was a valid exercise of the zoning powers delegated to the Town under State law, that plaintiff could not invoke the "special facts" doctrine or make out a takings claim, and that any claims with regard to procedural flaws in the enactment of the Local Law were time barred. Plaintiff appeals.

We now affirm. The Mined Land Reclamation Law (hereinafter MLRL) (see, ECL 23-2701 et seq.) provides that "this title shall supersede all other state and local laws relating to the extractive mining industry" (ECL 23-2703 [2]). It is well settled, however, that MLRL's supersession provision is to be narrowly construed, as it only preempts State and local laws "relating to the extractive mining industry" (ECL 23-2703 [2]; see, Matter of Frew Run Gravel Prods. v Town of Carroll, 71 NY2d 126, 131; Matter of Sour Mountain Realty v New York State Dept. of Envtl. Conservation, 260 AD2d 920 ). A municipality retains general authority to regulate land use and to regulate or prohibit the use of land within its boundaries for mining operations, although it may not directly regulate the specifics of the mining activities or reclamation process. Control over permissible uses in a particular zoning area is merely incidental to a municipality's right to regulate land use within its boundaries (see, Village of Savona v Knight Settlement Sand & Gravel, 88 NY2d 897; Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668; Matter of Frew Run Gravel Prods. v Town of Carroll, supra, at 130-131; Philipstown Indus. Park v Town Bd., 247 AD2d 525). Consequently, the enactment of the Local Law was a valid exercise of defendant's zoning powers and was not superseded by ECL 23-2703.

Turning to plaintiff's argument that it is entitled to a "special facts exception", we find it to be without merit. This doctrine has been invoked where arbitrary and dilatory tactics of an administrative body delayed a property owner's application pursuant to which that owner was entitled to a permit as a matter of right, in order to thereafter change a zoning ordinance and defeat the property owner's rights and nullify the application (see, Matter of Pokoik v Silsdorf, 40 NY2d 769; Matter of Golisano v Town Bd., 31 AD2d 85). Upon our review of the record, we do not find that "special facts" have been presented warranting application of this exception, and find that Supreme Court properly upheld the Local Law's applicability to this application. As Supreme Court noted, the Town at all times fought plaintiff's application with "unrelenting determination", as it was entitled to do. However, the Town's action in invoking the legal rights of its residents in order to

contest plaintiff's application was not the product of malice, oppression, manipulation or corruption (*see, Matter of Cleary v Bibbo*, 241 AD2d 887, 888; *Matter of King Rd. Materials v Garafalo*, 173 AD2d 931, 932-933; *Matter of Magee v Rocco*, 158 AD2d 53, 60; *Matter of Aversano v Two Family Use Bd. of Town of Babylon*, 117 AD2d 665, 667; *compare, Matter of Cifone v Aiello*, 179 AD2d 876, *appeal dismissed* 80 NY2d 924). Further, contrary to plaintiff's claim that it was automatically entitled to a special use permit as a matter of right once a trial court declared section 27 to be invalid, the Town retained discretion to evaluate the application and determine whether it should be granted (*see, Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002).

Plaintiff's claim that it acquired vested rights to mine is likewise without merit. A property owner acquires a vested right to complete a project when the activities undertaken in furtherance of that project are such that the deprivation worked by the enforcement of a subsequently enacted or modified zoning law would inequitably cause a serious hardship or loss (*see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals*, 77 NY2d 114, 122; *Matter of Pete Drown, Inc. v Town Bd.*, 229 AD2d 877, 878; *see also, People v Miller*, 304 NY 105, 108-109), or " 'when substantial work is performed and obligations are assumed in reliance on a permit legally issued' " (*Matter of Ninnie v Gould*, 178 AD2d 832, 834, quoting *Matter of Lefrak Forest Hills Corp. v Galvin*, 40 AD2d 211, 218, *affd* 32 NY2d 796, *cert denied sub nom. Baum v Lefrak Forest Hills Corp.*, 414 US 1004).

Here, plaintiff asserts that it has spent in excess of $240,000 in its attempt to obtain the required permits. The record reveals, however, that in 1991, when plaintiff was indisputably aware that the Local Law had been adopted in 1988 and was in effect, it spent approximately $80,000 on the permit process. DEC did not grant a permit to mine the land until September 1996, supporting the conclusion that despite the Local Law and the Town's consistent opposition to this proposal, plaintiff willingly proceeded with efforts and expenditures to gain the permits from both the DEC and the Town, cognizant of the potential for an eventual legal ruling that the Local Law was in fact valid, which would preclude its proposed mine. Under the circumstances, plaintiff did not demonstrate vested rights where it failed to show that it had effected substantial changes and incurred substantial expenses to further development pursuant to a legally issued permit (*see, Town of Orangetown v Magee*, 88 NY2d 41, 47; *see also, Matter of Ninnie v Gould*,

*supra*), or that its activities in furtherance of its pursuit of the required permits—notwithstanding the existence of the Local Law—were such that enforcement of the amended law would be inequitable (*see, Matter of Pete Drown, Inc. v Town Bd., supra*).

We next address plaintiff's regulatory taking claim. Inasmuch as "a property interest must exist before it can be 'taken' " (*Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 613, *cert denied* 522 US 813), plaintiff cannot make out a claim of a regulatory taking without just compensation based upon the passage of the Local Law. Notably, plaintiff had acquired rights to the property with nothing more than an expectation that it would be granted the applicable permits in the future if it were successful in its challenge to section 27, an insufficient basis upon which to assert a takings claim (*see, id.*). Moreover, plaintiff's rights did not "vest" during the Town's appeal of the ruling nullifying section 27, and indeed the Town promptly passed the Local Law reflecting its consistent effort to regulate or prohibit mining within its boundaries. Further, plaintiff cannot establish that the zoning regulation "renders the property unsuitable for any reasonable income productive or other private use for which it is adapted and thus destroys its economic value, or all but a bare residue of its value" (*French Investing Co. v City of New York*, 39 NY2d 587, 596, *cert denied* 429 US 990). Thus, Supreme Court properly dismissed this cause of action.

Finally, we find that plaintiff's legislative equivalency claim is time barred, as it was directed not at the substance of the Local Law but at the procedures used in enacting it and, therefore, could have been raised in a special proceeding pursuant to CPLR article 78 (*see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202; *see also, Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883; *Naftal Assocs. v Town of Brookhaven*, 221 AD2d 423, 424). Were we to decide the issue, we would nonetheless conclude that Municipal Home Rule Law § 22 (1), pursuant to which the Local Law was enacted, recognizes the right of a municipality such as the Town to use a local law for "changing or superseding any provision of a state statute or of a prior local law or ordinance".

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order and judgment are affirmed, without costs.