Peters, PJ.
Appeal from a judgment of the Supreme Court (Devine, J), entered May 11, 2011 in Schoharie County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted petitioner’s motion for *1637 partial summary judgment declaring that it had secured vested rights to quarry a certain parcel of property as a preexisting nonconforming use.
Petitioner owns a quarry on land north of Rickard Hill Road in the Town of Schoharie, Schoharie County that has been in operation since the 1890s. While mining in the area required a special use permit under the zoning ordinance adopted by the Town in 1975, as a prior nonconforming use, the quarry did not require approval. Expansion of the quarry onto new property, however, required approval, and petitioner obtained permission to do so in the 1990s, relocating the road so that mining activities occurred exclusively to the north of it.
Petitioner subsequently purchased additional property to the south of the road and sought to amend its Department of Environmental Conservation mining permit to include its previously unmined holdings (hereinafter referred to as the southern property). While that application was pending — one that, notably, was not accompanied by an application to respondent Town of Schoharie for a special use permit — the Town adopted a new zoning law that prohibited mining in the area. Petitioner responded by commencing this combined CPLR article 78 proceeding and declaratory judgment action and, as is relevant here, asserted that it had a vested right to quarry the southern property. Following joinder of issue and discovery, Supreme Court granted petitioner’s motion for partial summary judgment on that claim. Respondents appeal, and we reverse.
A municipality is free to alter its zoning regulations, and no vested right exists “to have the existing zoning ordinance continue unchanged if the Town Board has rationally exercised its police power and determined that a change in the zoning was required for the well-being of the community” (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 684 [1996]). Landowners do, however, have a vested right where the subject property was “used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became effective” (Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284-285 [1980]; see Jones v Town of Carroll, 15 NY3d 139, 143 [2010]; Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d 88, 98 [2009]). In light of the unique nature of quarrying, while that use need not consist of actual mining or even require a permit to do so, petitioner must have engaged in “specific actions constituting an overt manifestation of its intent to utilize the property for the ascribed purpose at the time the zoning ordinance became effective” for a vested right to attach (Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 98).
*1638 Assuming without deciding that petitioner met its initial burden of demonstrating that its actions extended beyond “merely preparing to engage in a quarrying enterprise or ‘undertaking a few self-serving acts of a very limited nature’ ” on the southern property (id. at 99, quoting Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 286), respondents have amply demonstrated questions of fact that preclude a grant of summary judgment. Although petitioner has done some work related to the amendment of its state mining permit, mining has never been conducted or permitted on the southern property, which remains largely undisturbed and has been used by petitioner and its predecessors in title for residential and agricultural purposes. Moreover, petitioner has not made the costly infrastructure improvements needed to mine the property, such as installing multiple ramps, a tunnel and a conveyor system (cf. Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 137 [2010]).
Furthermore, the finding of a vested right amounts to a determination “that the property interest affected by the particular ordinance is too substantial to justify its deprivation in light of the objectives to be achieved by enforcement of the provision,” and thus it is appropriate to assess petitioner’s property interest in light of those objectives (People v Miller, 304 NY 105, 108 [1952]; accord Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d at 135; see Preble Aggregate v Town of Preble, 263 AD2d 849, 851 [1999], lv denied 94 NY2d 760 [2000]). Factors such as the effect of prior zoning restrictions on the property, as well as the impact the property use will have on the greater community, must be considered in order to determine if petitioner’s property rights were inequitably burdened (see Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 100-101; Preble Aggregate v Town of Preble, 263 AD2d at 851; Matter of Dolomite Prods. Co. v Kipers, 23 AD2d 339, 341-342 [1965], affd 19 NY2d 739 [1967], appeal dismissed and cert denied 389 US 214 [1967]). All of the southern property was acquired after the Town’s adoption of the 1975 zoning ordinance and, as such, petitioner was aware that the Town would have to permit any expansion of mining upon it as a special use (see Preble Aggregate v Town of Preble, 263 AD2d at 851; cf. Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d at 136). Petitioner failed to seek that approval and, indeed, it arguably would not have been forthcoming given the property’s proximity to populated areas, historic sites and a park that would allegedly suffer significant economic and environmental impacts from the proposed expansion (see Matter of Dolomite Prods. Co. v Kipers, 23 AD2d at 342-343; New York Trap Rock Corp. v Town of *1639 Clarkstown, 1 AD2d 890, 891 [1956], affd 3 NY2d 844 [1957], appeal dismissed 356 US 582 [1958]). Viewing this evidence in the light most favorable to respondents (see Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d 200, 202 n [2008]), questions of fact exist as to whether petitioner has a vested right to mine the southern property, and Supreme Court erred in granting petitioner’s motion (see Subdivisions, Inc. v Town of Sullivan, 75 AD3d 978, 980-981 [2010]; Preble Aggregate v Town of Preble, 263 AD2d at 851-852).
Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and motion denied.