■ In the Matter of WESLEY C. VEYSEY, Respondent, v ZONING BOARD OF APPEALS OF THE CITY OF GLENS FALLS et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 13, 1990 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent Zoning Board of Appeals of the City of Glens Falls requiring approval by respondent Common Council of the City of Glens Falls of petitioner's request for a building permit.

On a prior appeal *(Matter of Veysey v Zoning Bd. of Appeals,* 154 AD2d 819, *lv denied* 75 NY2d 708), this court held that petitioner had demonstrated his prima facie entitlement

to a special use permit for his proposal to construct garden apartments in an R-1 zone in the City of Glens Falls, Warren County. We annulled respondents' denial of petitioner's application and remitted the matter for further proceedings. Our remittitur required respondent City Zoning Board of Appeals to consider whether to impose conditions reasonably related to the health, safety and general welfare of the public on petitioner's special use permit. We did not address petitioner's request for a declaration that a special use permit is the only approval required for the project, since such declaration was deemed advisory and inappropriate.

In accordance with our decision, the Board issued the special use permit for the project on May 21, 1990. However, the Board also determined that garden apartments in an R-1 zone, in which petitioner's property is admittedly situated, should be subject to the same restrictions as those applied to an R-3 zone in which garden apartments are allowed as a primary use. This interpretation by the Board would now subject petitioner's application to review by the Planning Board as well as review and approval by respondent Common Council of the City before petitioner could obtain a building permit. Claiming that the Board has improperly extended the zoning ordinance by implication due to the imposition of the additional procedural requirements required for an R-3 zone application, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination as impermissible under our prior decision. Supreme Court annulled the Board's determination, ordered the issuance of a building permit and declared that the special use permit issued by the Board and the ordered building permit "are the only approvals, reviews or permits required for said project". Respondents filed a notice of appeal from the judgment and, while this appeal was pending, the Common Council amended the zoning ordinance, the effect of which was to eliminate garden apartments as specially permitted uses in R-1A and R-1 zones.

Prior to the amendment of the zoning ordinance, there can be no doubt that garden apartments were one of the uses permitted upon issuance of a special use permit by the Board in an R-1 zone. In its prior consideration of petitioner's application for a special use permit, which resulted in the determination previously annulled by this court, the Board held a public hearing on the merits of petitioner's garden apartment proposal and used traffic congestion as the basis for its denial, claiming that it had the authority to consider any factor reasonably related to health and safety *(see, Matter of*

*Veysey v Zoning Bd. of Appeals,* 154 AD2d 819, 820-821, *supra).* Having previously construed the ordinance as giving it the authority to review the merits of petitioner's garden apartment application seeking a special use permit, including consideration of those factors reasonably related to health and safety, the Board cannot now apply a different interpretation of the ordinance which would have the effect of giving the Planning Board and/or the Common Council the authority to review the merits of petitioner's proposal. A different interpretation now would be inconsistent with the Board's earlier interpretation, thereby rendering the reconsideration of petitioner's application arbitrary.

Now that the special use permit has been issued by the Board in conformity with our prior decision, the Board cannot raise as a new issue that petitioner's proposal might not meet the ordinance definition of garden apartment, since that issue was not previously asserted as a reason for denying petitioner's application for a special use permit *(see, Matter of Shepard v Zoning Bd. of Appeals,* 92 AD2d 993, 995). Furthermore, the zoning change is not relevant to petitioner's application. Petitioner's rights were fixed when the prior proceeding culminated with the denial of respondents' motion for leave to appeal to the Court of Appeals *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773). Finally, because the Board issued a special use permit without imposing any condition relating to public health and safety as authorized by our prior decision, Supreme Court's judgment should be affirmed *(see, Matter of Mandel v Nusbaum,* 138 AD2d 597).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.