■ In the Matter of KING ROAD MATERIALS, INC., Appellant, v TERRY GARAFALO et al., Constituting the Town Board of the Town of Clifton Park, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered January 26, 1990 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Planning Board of the Town of Clifton Park denying petitioner's request for a special use permit.

Petitioner challenges the denial of its application for a special use permit to construct and operate a hot mix asphalt plant on Wood Road in the Town of Clifton Park, Saratoga County. When petitioner initially submitted its application in September 1988, the proposed use was allowed by special use permit in the light industrial district where petitioner's property is located, but on December 19, 1988 the Town Board amended its zoning ordinance to delete certain permitted uses in the light industrial district, including central mixing plants for paving materials. The specified uses allowed by special use permit in a light industrial district after the amendment included "[i]ndustrial operations not specifically mentioned in Section 208-58 as determined by the [Town's Zoning Board of Appeals] to be in the best interests of the Town".* Petitioner's application for a special use permit was considered under the best interests provision, and the Town's Planning Board denied the application, concluding that petitioner had not demonstrated that the proposed use was in the best interests of the Town.

---

* It appears that the authority to determine applications for special use permits in the Town has been transferred from the Zoning Board of Appeals to the Town's Planning Board.

On appeal from the judgment dismissing its CPLR article 78 petition seeking to annul the Planning Board's determination, petitioner contends that the amendment which deleted certain permitted uses within the light industrial district was ultra vires in that it was not enacted in accordance with the Town's comprehensive plan *(see, Udell v Haas,* 21 NY2d 463). In *Asian Ams. for Equality v Koch* (72 NY2d 121), the plaintiffs mounted a similar challenge to a zoning ordinance amendment that created a "Special Manhattan Bridge District" in New York City. In assessing the merits of the plaintiffs' claim, the Court of Appeals explained that "[t]he validity of the amendment is not dependent solely upon the adequacy of the study of the Manhattan Bridge area, however, but on all the City's zoning policies and plans * * * and nowhere in the complaint have plaintiffs alleged that the City has failed to plan for the balanced and well-ordered development of the community or that it has neglected to zone the City to provide for the needs of its inhabitants or those in the region" *(supra,* at 130 [citation omitted]). Here, too, there is no claim that the Town failed to plan for the balanced and well-ordered development of the community or that it neglected to zone the Town to provide for the needs of its inhabitants or those in the region. What is required is "comprehensiveness of planning * * * not slavish servitude to any particular comprehensive plan" *(Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 188). There has been no change in the zoning of petitioner's property as appropriate for light industrial development, and petitioner "has not demonstrated that the Town has so deviated from its original plan that a comprehensive plan is no longer in existence" *(Tilles Inv. Co. v Town of Huntington,* 74 NY2d 885, 887). Nor has petitioner shown that the deletion of several uses previously permitted in the light industrial zone conflicted with any of the Town's zoning policies or plan. Because petitioner bore the burden of proof on the issue of the amendment's validity *(see, Asian Ams. for Equality v Koch, supra,* at 131), petitioner's claim must be rejected.

It is the general rule that a zoning ordinance amendment that outlaws a use for which a permit was sought is applicable to pending permit applications and will be honored by the reviewing court although the amendment was passed after the final administrative determination but prior to the culmination of the judicial review process *(compare, Matter of Magee v Rocco,* 158 AD2d 53, 60, *with Matter of Veysey v Zoning Bd. of Appeals,* 173 AD2d 921 [decided herewith]). Petitioner contends,

however, that this case fits into the "special facts" exception to the general rule (see, Matter of Pokoik v Silsdorf, 40 NY2d 769). Other than petitioner's conclusory allegations, there is nothing in the record to suggest that due to malice, oppression, manipulation or corruption the Planning Board deliberately delayed rendering a determination as to petitioner's application. Petitioner cannot, therefore, invoke the "special facts" exception (see, Matter of Magee v Rocco, supra). We also note that the amendment was adopted less than 3½ months after petitioner's initial application was filed. Thus, most of the alleged delay is irrelevant and petitioner has failed to demonstrate that proper action upon the permit would have given it time to acquire a vested right (cf., Matter of Pokoik v Silsdorf, supra, at 773). Assuming that the Planning Board could have rendered a final determination prior to December 19, 1988, the general rule would nevertheless have made the amendment applicable in the judicial review proceedings commenced by any aggrieved party.

We also reject petitioner's challenge to the basis of respondent's determination denying petitioner's application for a special use permit. Petitioner claims that the determination was improperly based upon a draft master plan (see, Bongiorno v Planning Bd., 143 AD2d 967, 968), but we find that claim to be premised upon a distorted reading of the Planning Board's determination. Although the determination contains references to the draft master plan, the grounds advanced by the Planning Board for its denial of petitioner's application relate to the criteria specified in the zoning ordinance. According to the zoning ordinance, the industrial operation proposed by petitioner is allowable by special use permit in the light industrial district only if the Planning Board determines that the proposed industrial operation is in the best interests of the Town. The Planning Board recognized the three positive impacts or benefits to the Town identified in petitioner's application and rejected each of them. In so doing, the Planning Board articulated a number of reasons for its decision, and having concluded that petitioner failed to demonstrate that its proposed industrial operation was in the best interests of the Town, the Planning Board denied petitioner's application. We see nothing irrational, arbitrary or unlawful in the Planning Board's determination and, therefore, it will not be disturbed (see, Matter of Viscio v Town of Guilderland Planning Bd., 138 AD2d 795, 798).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.