■ In the Matter of ROBERT C. CIFONE et al., Respondents, v PETER AIELLO, as Building Inspector and Zoning Administrator of the City of Poughkeepsie, et al., Appellants.—Casey, J.

Supreme Court held that an amendment to the zoning ordinance of the City of Poughkeepsie in Dutchess County was not applicable to petitioners' request for site plan approval because of the "special facts" exception (see, Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773). We agree that the "special facts" exception applies in this case and, accordingly, affirm.

In addition to the questionable conduct of respondent City of Poughkeepsie Planning Board in requiring petitioners to submit a formal survey, it is apparent from the zoning ordinance that the Planning Board exceeded its authority when it declared petitioners' application for site plan approval incomplete and refused to decide the merits of petitioners' site plan. According to the plain language of section 19-6.1 (2) of the zoning ordinance, respondent City Zoning Administrator or his designee is required to determine whether an application for site plan approval is complete and either return it to the applicant for completion or certify it as complete and forward it to the Planning Board. The Planning Board may hold a public hearing if it determines that the matter is of wide public interest and then it must act to approve or approve with conditions or disapprove the site plan. Pursuant to General City Law § 30-a (2), the Planning Board must hold a public hearing on the application within 45 days, if one is required, and decide the matter within 45 days of the hearing,

or if no hearing is held, the matter must be decided within 45 days from the day the application is made.

In this case, the Zoning Administrator's designee referred petitioners' application to the Planning Board on February 2, 1988 and, therefore, the designee must have determined that the application was complete. Pursuant to the zoning ordinance, the Planning Board had no authority to review this determination or make its own separate determination as to whether the application was complete. Instead, the Planning Board was required either to hold a public hearing if there was wide public interest or approve, approve with conditions or disapprove the site plan within 45 days (see, General City Law § 30-a [2]). In the absence of any evidence in the record of wide public interest, the Planning Board was required to decide the matter by March 18, 1988, more than three months before the zoning ordinance was amended.* It is also significant that an aggrieved party would have had only 30 days from the filing of the Planning Board's determination to seek judicial review (General City Law § 30-a [3]). The delay resulting from the Planning Board's improper refusal to determine the merits of petitioners' application, in clear violation of both the zoning ordinance and General City Law § 30-a (2), subjected petitioners' application to the effects of the zoning amendment. In these circumstances, which readily distinguish this case from *Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre* (64 NY2d 921) and *Matter of King Rd. Materials v Garafalo* (173 AD2d 931), the special facts exception should be applied and, therefore, Supreme Court's judgment should be affirmed.

Mikoll and Mahoney, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. The general rule in cases of this sort is that the case must be decided upon the law as it exists at the time of the decision (see, *Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921, 922). An exception to that rule exists when "special facts" are presented to show that a municipality, in bad faith, delayed or denied permit approval while it altered the zoning ordinance to bar the prospective development (see, *Matter of Magee v Rocco,* 158 AD2d 53, 60)

---

* When petitioners applied for a building permit for their proposed laundromat, the zoning ordinance required one parking space for each 300 square feet of building floor space. However, the amendment which was specifically directed at parking spaces for laundromats required two parking spaces for each machine in the laundromat. Petitioners did not have access to enough parking spaces to accommodate the amendment.

and where it appears that proper action on the permit would have given the applicant time to acquire a vested right *(see, Matter of Pokoik v Silsdorf,* 40 NY2d 769, 773). The burden of proof relating to bad faith and vested rights is on the party seeking to come within the special facts exception *(see, Matter of King Rd. Materials v Garafalo,* 173 AD2d 931).

A review of the record in this case reveals that petitioners' application for a building permit triggered the zoning ordinance amendment. Respondent City Zoning Administrator testified that petitioners were never requested to submit a formal survey and that he knew of no other applicants being required to do so. Moreover, nothing in the zoning ordinance required such a survey. Additionally, as pointed out by the majority, respondent City of Poughkeepsie Planning Board had no authority to review the Zoning Administrator's determination or make its own determination as to the completeness of the application. Accordingly, we agree with the majority that Supreme Court was amply justified in concluding that respondents acted in bad faith by deliberately delaying the rendering of a determination in order to amend the zoning ordinance. The record is utterly devoid, however, of any evidence from which we could reasonably determine that proper action upon the permit would have given petitioners sufficient time to acquire a vested right *(see, Matter of Pokoik v Silsdorf, supra).* Absent such evidence, petitioners have not brought themselves within the special facts exception. We would therefore reverse Supreme Court's judgment and dismiss the petition.

Harvey, J., concurs. Ordered that the judgment is affirmed, with costs.