■ In the Matter of VIRGINIA GRECO et al., Appellants, v ROBERT TRINCELLITO, as Building Inspector of the Town of Saugerties, et al., Respondents. [615 NYS2d 475] —Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered September 3, 1993 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Building Inspector of the Town of Saugerties granting a building permit to respondent Roadway Express, Inc.

In a prior proceeding arising out of the failure of the Town of Saugerties to grant the application of respondent Roadway Express, Inc. for a building permit before the Town adopted a building moratorium, Supreme Court directed respondent Building Inspector of the Town to issue both a variance from the moratorium and a building permit. After the Town's appeal from the judgment entered in the prior proceeding was dismissed by default, the Building Inspector issued a building permit, dated August 16, 1990, which listed February 1991 as the expiration date. An amended permit was issued in late October 1990 to reflect the correct expiration date of February 1992.

In the spring of 1991, when Roadway learned that the Town's ordinance required that construction be commenced within 90 days of the issuance of a building permit, Roadway requested that the building permit be reissued. After receiving updated plans and specifications from Roadway, the Building Inspector issued a new permit in April 1991. Petitioners, who are the owners of property adjacent to the Roadway site, commenced this proceeding to annul the Building Inspector's determination. Supreme Court dismissed the proceeding as untimely. On appeal, we reversed Supreme Court's judgment and remitted the matter for the purpose of joining Roadway as a party respondent and for a final resolution on the merits after respondents had answered (188 AD2d 963). The matter is again before us on this appeal from Supreme Court's dismissal of the petition on the merits.

Petitioners contend that the building permit issued in August 1990 and amended in October 1990 expired because Roadway failed to begin construction within 90 days and that, therefore, Roadway's application in the spring of 1991 was for a new permit and was subject to the zoning ordinance which became effective in November 1989, approximately one year

after the building moratorium went into effect. According to petitioners, the zoning ordinance prohibits Roadway's commercial use of its property. Respondents contend that petitioners failed to exhaust available administrative remedies by appealing to the Town's Zoning Board of Appeals (see, Town Law former § 267 [2]), but respondents waived the affirmative defense by failing to assert it in their answer or preanswer motion to dismiss (see, Matter of Warwick v Henderson, 117 AD2d 1001).

Although a Building Inspector has no discretion to issue a building permit which authorizes a use prohibited by the zoning ordinance (see, Matter of Rejman v Welch, 112 AD2d 795, mot to dismiss appeal granted 66 NY2d 916; see also, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, 281), we conclude that in the unique facts and circumstances of this case the Town's zoning ordinance is not applicable to Roadway's building permit application. Roadway's initial application for a permit in 1988 predated both the Town's building moratorium and the zoning ordinance. As conclusively established by Supreme Court's judgment in the prior proceeding, Roadway was entitled to the building permit and the Town had no valid grounds for refusing to issue it. Had the Town acted promptly on Roadway's application and issued the permit, as it was required to do, the permit would have predated the enactment of the zoning ordinance by nearly one year, giving Roadway plenty of time to complete construction or perform sufficient construction to acquire vested rights before the zoning ordinance went into effect (see, Matter of Estate of Kadin v Bennett, 163 AD2d 308, lv denied 77 NY2d 801).

As a result of the Town's refusal to issue a building permit to Roadway in 1988, Roadway commenced the prior proceeding to compel issuance of the permit. By the time Supreme Court rendered its decision, which found no rational basis for the Town's denial of Roadway's application, the Town's zoning ordinance had gone into effect. Although the general rule requires that a case be decided upon the law as it exists at the time of the decision (see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, 64 NY2d 921, 922), Supreme Court rendered its decision in the prior proceeding and ordered the Town to issue the permit as though the Town had no zoning.

In so doing, Supreme Court exercised its equitable powers, which include the authority to deny a municipality the benefit of a change in its zoning laws when "it has intentionally or

even negligently delayed action on an application for a permit or license until after the law had been amended to authorize denial of the application" *(Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560, 565). We note, however, that Supreme Court's decision in the prior proceeding makes no mention of this "special facts" exception. Nevertheless, regardless of the propriety of Supreme Court's failure to apply the law as it existed at the time of the decision in the prior proceeding, Supreme Court's judgment in the prior proceeding directed the Town to issue the building permit and, therefore, the Building Inspector had the authority to do so even though Roadway's proposed commercial use of the property was not permitted by the zoning ordinance *(see, supra,* at 565).

Although the judgment in the prior proceeding was entered in February 1990, the building permit was not issued until some seven months later and an amended permit with the correct expiration date was not issued until the end of October 1990. Roadway alleges that due to these delays, for which it was not responsible, it was too late in the building season to commence construction and, therefore, Roadway decided to wait until spring. When it learned of the requirement that construction be commenced within 90 days, Roadway promptly contacted the Building Inspector to resolve the problem. The Building Inspector alleges that he reissued the permit in good faith in accordance with Supreme Court's prior judgment, and that he had discretion to reissue the permit because the work could not have been commenced due to cold weather. We conclude that Supreme Court's prior judgment directing issuance of the building permit on the basis of the law as it existed prior to the enactment of the zoning ordinance included the authority to reissue the permit in the circumstances described above. In fact, given the delays attributable to the Town after entry of Supreme Court's judgment in February 1990, delays which prevented Roadway from constructing the building during the 1990 construction season, the "special facts" exception would have been applicable if the Building Inspector had sought to rely on the zoning ordinance to deny Roadway the permit *(see, Matter of Cifone v Aiello,* 179 AD2d 876, *appeal dismissed* 80 NY2d 924). We have considered petitioner's other arguments and find them meritless.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.