■ In the Matter of JANET J. CLEARY, Appellant, v PHILIP BIBBO et al., Constituting the Planning Board of the Town of Guilderland, Respondents. [660 NYS2d 230] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered May 7, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for subdivision approval.

Petitioner is the owner of undeveloped real property located in the Town of Guilderland, Albany County. In May 1994, petitioner applied to the Town of Guilderland Planning Board (hereinafter the Board) to subdivide the property into two parcels. Following hearings which started in June 1994 and ended in November 1994, the Board determined that the subdivision would have a significant environmental impact, issued a positive declaration, and designated itself as the lead agency for coordinated review under the State Environmental Quality Review Act (ECL art 8). Petitioner commenced a CPLR article 78 proceeding challenging this determination, and it was annulled by Supreme Court in April 1995.

Thereafter, petitioner requested that the Board reconsider her subdivision application. The Town appealed Supreme Court's judgment, obtaining a stay of the proceeding (*see,* CPLR 5519 [a] [1]). Then, in June 1995, while the appeal was pending, the Town Board amended its zoning law and rezoned petitioner's property, changing its classification from one hav-

ing a minimum lot size of 15,000 square feet to one requiring 40,000 square feet. The Town subsequently withdrew its appeal after its attorney determined, *inter alia*, that deficiencies in the record precluded a favorable outcome. Petitioner's application was placed on the agenda for the next meeting of the Board, after which petitioner was informed that no action could be taken on the proposal due to the fact that the proposed lots did not conform to the new area requirements. Petitioner then commenced this CPLR article 78 proceeding challenging the Board's determination. Following joinder of issue, Supreme Court dismissed the petition for failure to state a cause of action, prompting this appeal.

As a general rule, when a zoning law has been amended after the submission of an application seeking, e.g., subdivision approval, but before a decision is rendered thereon by the reviewing agency, the courts are bound to apply the law as amended unless "special facts" indicate that the Board "acted in bad faith and unduly delayed acting upon [the] application while the zoning law was changed" (*Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park*, 145 AD2d 478, 479; *see, Matter of King Rd. Materials v Garafalo*, 173 AD2d 931, 933). In dismissing the petition, Supreme Court found that this case does not fall within the "special facts" exception. Our review of the record leads us to agree.

The allegations of the petition set forth the chronological sequence of events, spanning the course of 1½ years, which culminated in the Board's finding that it was without authority to act upon petitioner's application. While the delay was somewhat lengthy, it was not extraordinary. And, significantly, the petition merely states in a conclusory manner that the Board "took active steps" to delay a decision on petitioner's application until it could "thwart [her] efforts", but fails to allege that the Board's actions were "the product of malice, oppression, manipulation or corruption" (*Matter of Magee v Rocco*, 158 AD2d 53, 60). Although the Board erred in issuing a positive declaration of environmental significance, the record does not warrant inferring that its motives for doing so, or for filing a notice of appeal from Supreme Court's decision in that matter, were improper or indicative of bad faith (*see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre*, 64 NY2d 921, 922; *cf., Matter of Greco v Trincellito*, 206 AD2d 779, 781). Consequently, dismissal of the petition was appropriate.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.