■ In the Matter of RICHARD ORSI et al., Respondents, v BOARD OF APPEALS OF THE TOWN OF BETHLEHEM et al., Respondents, and WASTE MANAGEMENT OF NEW YORK, LLC, et al., Appellants. [770 NYS2d 774]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Benza, J.), entered March 20, 2003 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Appeals of the Town of Bethlehem finding that a proposed project by respondents Waste Management of New York, LLC and Waste Management of Eastern New York is permissible.

Respondent Waste Management of New York, LLC and its operating division, respondent Waste Management of Eastern New York (hereinafter collectively referred to as respondents), sought site plan approval from the Town of Bethlehem Planning Board to construct a regional operations facility on a parcel of land purchased from respondents Grant Thorn and Laurel Thorn. The facility, to be located near exit 22 of the New York State Thruway in the Town of Bethlehem, Albany County, would consist of a two-story office building, vehicle maintenance building, container storage area and a parking area for up to 195 cars and 75 trucks.

Petitioners, who reside near the proposed facility, questioned whether the project was a permitted use in the "Rural District not zoned" area[1] They contended that the facility was a truck terminal, a use only permitted in industrial districts. After an initial review of respondents' site plan application, the Planning Board referred the issue to Kevin Shea, the Town Building Inspector, for a determination. Shea viewed the facility as comprising two principal uses, an administrative and professional office and a maintenance building/container storage use. He determined the former to be one of 32 permitted uses subject to site plan approval under Town of Bethlehem Code § 128-23 (B).[2] He found the latter, although not listed among the 32, to be permitted "as of right." In reaching that conclusion about the maintenance building/container storage use, Shea reasoned that since single-family residential dwellings, public garages and other unlisted uses existed in the "Rural Districts not zoned" area, any use which was not specifically prohibited was permitted.

1. There are 16 enumerated zoning districts under the Town Code. "Rural District not zoned" is one of the districts under article VI entitled "Permitted Uses" (see Town of Bethlehem Code § 128-23).

2. Town of Bethlehem Code § 128-23, entitled "Rural Districts not zoned," provides in pertinent part: "B. The following uses shall be permitted following site plan approval by the Planning Board . . . (5) Administration or professional office."

Petitioners appealed that decision to respondent Board of Appeals of the Town of Bethlehem (hereinafter the BOA) which upheld it determining, in essence, that since the "Rural District not zoned" area did not follow the common plan and scheme of the other zoning districts, by, among other things, listing the permitted uses, it was an unzoned area not subject to zoning regulation. Therefore, it concluded that all uses not specifically prohibited under the Town of Bethlehem Code or other Town Law were permitted in that area.

Petitioners commenced this CPLR article 78 proceeding challenging the BOA's determination and seeking a declaration that the proposed facility was a prohibited use on the subject property. Supreme Court determined that the "Rural District not zoned" area was not an unzoned area but, rather, a zoning district and, like all other zoning districts, subject to Town of Bethlehem Code § 128-4.1, which prohibits all uses not specifically permitted.[3] The court annulled that portion of the BOA's determination which found the maintenance building/container storage component of the facility a permitted use in the "Rural District not zoned" area. Contending that this ruling is erroneous, respondents appeal.[4]

As a general rule, since this Court must apply the law as it exists at the time of a decision (see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr., 64 NY2d 921, 922 [1985]; Matter of Pokoik v Silsdorf, 40 NY2d 769, 772-773 [1976]; Matter of Ronsvalle v Totman, 303 AD2d 897, 899 [2003]; Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494, 498-499 [1941]; Matter of Rosano v Town Bd. of Town of Riverhead, 43 AD2d 728, 729 [1973]), we find that the instant appeal has been rendered moot by the enactment, subsequent to Supreme Court's decision, of Local Law Nos. 3 and 5 (2003) of the Town of Bethlehem. Those laws amend Town of Bethlehem Code § 128-23 by, among other things, substituting a new subsection A, which adopts the scheme of the other classified zoning districts by listing the "Permitted uses" in the "Rural District not zoned" area, effectively overruling the BOA's decision.[5] Although respondents have alluded to the possibility that the

---

3. Town of Bethlehem Code § 128-4.1 provides: "Any principal use of a parcel, lot, land, building or structure not specifically permitted by this chapter shall be deemed to be prohibited. This section shall not apply to accessory uses of land or buildings which are customarily incident to and located upon the same lot occupied by a principle [sic] use."

4. This Court granted the BOA's motion permitting it to withdraw its notice of appeal.

5. The uses now permitted include single-family dwellings and the other structures that Shea and the BOA cited as support for their interpretation of

amendment to Town of Bethlehem Code § 128-23 is inapplicable to them under the "special facts exception" (*see Matter of Pokoik v Silsdorf, supra* at 772-773; *Matter of Golisano v Town Bd. of Town of Macedon,* 31 AD2d 85, 88 [1968]), they have not demonstrated their entitlement to that exception in the arguments presented on this appeal. Thus, there is nothing to prevent the Town from relying on the new law which, we note, became effective prior to the issuance of a final site plan approval by the Planning Board (*see Matter of Ronsvalle v Totman, supra* at 900).

Since the BOA's decision was based upon Town of Bethlehem Code former § 128-23, which has now been superseded, we find that "the rights of the parties [can no longer be directly] affected by [a] determination of this appeal," rendering it moot (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]). Moreover, we find none of the exceptions to the mootness doctrine applicable here (*see id.* at 714-715). Accordingly the appeal is dismissed as moot.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

uses permitted as of right under Town of Bethlehem Code former § 128-23. Notably, the administrative and professional office use, which was permitted under the former section following site plan approval, is continued (*see* Town of Bethlehem Code § 128-23 [B] [5]). However, there is no explicit provision in the newly amended section which appears to permit siting of the maintenance building/container storage use component of the facility within the "Rural District not zoned" district.