CUSTOM TOPSOIL, INC., et al., Respondents, v CITY OF BUFFALO et al., Appellants. (Appeal No. 1.) [785 NYS2d 634]—

Appeals from a judgment of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 23, 2002. The judgment granted the motion of plaintiffs for summary judgment against defendant City of Buffalo in a declaratory judgment action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise in this declaratory judgment action in which plaintiffs seek, inter alia, a declaration that their use of their property for their business of rock, stone and concrete crushing does not violate Buffalo City Code § 511-116. We note that plaintiffs commenced a related CPLR article 78 proceeding and that the appeals therein also are before this Court (*Matter of Custom Topsoil v City of Buffalo*, 12 AD3d 1168 [2004]). With respect to appeal No. 1, we reject the contention of defendant City of Buffalo (City) and the remaining defendants (referred to herein as intervenors) that Supreme Court lacked authority to entertain plaintiffs' motion for summary judgment before joinder of issue in the declaratory judgment action. The record establishes that, in its correspondence with plaintiffs, the City specifically agreed to chart a procedural course whereby plaintiffs would move for

summary judgment in the declaratory judgment action before the City served its answer (*see generally Ubaydah v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 984, 986 [2004]; *Carcone v D'Angelo Ins. Agency*, 302 AD2d 963 [2003]; *Village of Webster v Monroe County Water Auth.*, 269 AD2d 781, 782-783 [2000]). In addition, the record establishes that the City consented to the prompt institution of a declaratory judgment action by plaintiffs and did not assert, either in defense to that action or in opposition to the summary judgment motion, that plaintiffs had failed to exhaust their administrative remedies. The City thus waived its present contention that plaintiffs failed to exhaust their administrative remedies (*see Matter of Hall v Johnstone*, 209 AD2d 982 [1994]; *Matter of Greco v Trincellito*, 206 AD2d 779, 780 [1994]; *Matter of Warwick v Henderson*, 117 AD2d 1001 [1986]).

We further conclude that, contrary to the contention of the City and the intervenors in appeal No. 1, the court did not err in granting plaintiffs judgment declaring that plaintiffs are not required to obtain a building permit pursuant to Buffalo City Code § 511-116 (B) in order to operate a rock crusher on their property. The record establishes that the rock crusher in question, a manufactured, integral, freestanding, and mobile apparatus, is not a "structure" that was "erected" upon the site (*see id.; see also* § 511-4).

With respect to appeal No. 2, we reject plaintiffs' contention that the City and the intervenors failed to submit for signature in a timely manner an order implementing the court's June 25, 2003 "Memorandum Decision," in which the court granted the City and the intervenors leave to reargue and thereupon enjoined "[p]laintiffs from operating a rock crushing operation at the subject premises until the appropriate [use] permit is obtained." Consequently, we reject plaintiffs' contention that the motions underlying that decision were abandoned by the City and the intervenors (*see* 22 NYCRR 202.48 [b]). To the contrary, we note that the initial order entered July 2, 2003 was submitted to the court for its signature well within the 60 days required by the rule. To the extent that the July 2, 2003 order failed to embody completely the directives set forth in the June 25, 2003 decision, the appropriate remedy was to seek resettlement of that order rather than to contend that the motions were abandoned. We therefore modify the order in appeal No. 2 by granting the intervenors' cross motion for an order resettling the July 2, 2003 order and by vacating the third ordering paragraph. We deem such resettlement of the July 2, 2003 order to have been accomplished by the entry of the order challenged in appeal No. 3.

With respect to appeal No. 3, we conclude that the court did not err in granting leave to reargue plaintiffs' motion for summary judgment on the issue whether a use permit is required by plaintiffs. The City and the intervenors properly premised their motions for leave to reargue on their contention that the court had overlooked or misapprehended the controlling legal principles and in particular had misconstrued Buffalo City Code § 511-116 (B). Moreover, insofar as the merits of that issue are concerned, we conclude that the court, upon granting leave to reargue, properly concluded that plaintiffs must obtain a use permit before engaging in crushing operations at the site (see id.).

Finally, we conclude in appeal No. 3 that the court properly denied the respective motions of the City and the intervenors for leave to renew their opposition to plaintiffs' summary judgment motion. The City and the intervenors were required to support their motions with "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and to demonstrate a "reasonable justification for the failure to present such facts on the prior motion" (2221 [e] [3]; see Kopra v Aquino, 298 AD2d 880 [2002], lv dismissed in part, denied in part 99 NY2d 573 [2003]; Matter of Cohen Swados Wright Hanifin Bradford & Brett v Frank R. Bayger, P.C., 269 AD2d 739, 742 [2000]). Because the City and the intervenors made no such showing, there was no basis for renewal (see CPLR 2221 [e]; Kopra, 298 AD2d at 880; Welch Foods v Wilson, 247 AD2d 830, 830-831 [1998]). Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.