■ JAMIE M. STRONG, Appellant-Respondent, v ADF CONSTRUCTION CORP., et al., Respondents-Appellants. [839 NYS2d 373]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 13, 2006 in a personal injury action. The order granted plaintiff's motion for leave to reargue and, upon reargument, denied in part defendants' motion for summary judgment and otherwise adhered to the court's prior decision.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion in its entirety and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was struck by a vehicle operated by defendant Richard W. Zimmerman and owned by defendant ADF Construction Corp. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and

plaintiff cross-moved for partial summary judgment on the issues of negligence and serious injury. Supreme Court granted defendants' motion, and plaintiff thereafter moved for leave to reargue the motion and cross motion. The court granted plaintiff's motion for leave to reargue and, upon reargument, denied that part of defendants' motion with respect to the 90/180 category of serious injury and otherwise adhered to its prior decision. Addressing first defendants' cross appeal, we conclude that the court properly granted plaintiff's motion for leave to reargue. Contrary to defendants' contention, the motion was correctly premised on plaintiff's contention "that the court had overlooked or misapprehended the controlling legal principles" (*Custom Topsoil, Inc. v City of Buffalo*, 12 AD3d 1162, 1164 [2004]). We further conclude that, upon reargument, the court properly denied that part of defendants' motion with respect to the 90/180 category. In support of their motion, defendants submitted the deposition testimony of plaintiff in which she testified that she was out of work for $4^{1}/_{2}$ months following the accident. They also submitted the report of a chiropractor who examined plaintiff on behalf of an insurance company, stating that plaintiff sustained a small paracentral disc herniation slightly indenting the ventral thecal sac and a second paracentral disc herniation slightly indenting the ventral thecal sac, "compatible with cervical and lumbosacral strains/sprains," which was verified by objective diagnostic testing. According to that report, plaintiff's injuries resulted from the accident. Thus, by their own submissions, defendants raised a triable issue of fact with respect to the 90/180 category, i.e., "whether plaintiff was prevented from performing her usual and customary activities during the requisite time period" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]).

With respect to plaintiff's appeal, we conclude that the court erred in adhering to its prior decision with respect to the permanent consequential limitation of use and significant limitation of use categories, and we therefore modify the order accordingly. Defendants again by their own submissions raised triable issues of fact with respect to those categories of serious injury. Although they submitted the report of their examining physician in which he concluded that plaintiff had a full range of motion in her cervical spine, they also submitted the records of plaintiff's treating chiropractor indicating that plaintiff had restricted cervical movement in the range of 28% to 37% and restricted dorsolumbar movement in the range of 16% to 50%. Those records set forth the requisite objective evidence to raise triable issues of fact (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]).

Finally, we conclude that the court properly adhered to its prior decision denying that part of plaintiff's cross motion for partial summary judgment on the issue of defendants' negligence. There are triable issues of fact whether Zimmerman was faced with an emergency situation when a third vehicle operated by a nonparty pulled in front of his vehicle and whether Zimmerman, in response to the appearance of the third vehicle, backed up his vehicle in a negligent manner, thereby striking plaintiff's vehicle (*see generally Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 38 NY2d 923, 924 [1996]). Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.