█ JEFFREY LAURSEN, Respondent, v DUNDEE CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [858 NYS2d 854]—

Appeal from an order of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered January 9, 2007 in a personal injury action. The order, inter alia, granted plaintiff's motion for leave to reargue and, upon reargument, denied the motion of defendant Dundee Central School District seeking dismissal of the complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court initially granted the motion of Dundee Central School District (defendant) seeking dismissal of the complaint against it, and defendant now appeals from an order that, upon granting the motion of plaintiff for leave to reargue its opposition to defendant's motion, vacated the prior order and instead, inter alia, denied defendant's motion. It appears from the record before us that plaintiff initially commenced an action seeking damages for injuries he sustained when a fellow student punched him in the mouth at school and that, approximately three years later, plaintiff moved by order to show cause for leave to serve a late notice of claim against defendant. The court granted the motion, whereupon plaintiff filed and served a new summons and complaint using the same index number purchased in connection with the order to show cause. It is undisputed that defendant accepted service of process, by fax and by mail, but in its answer it asserted as affirmative defenses, inter alia, the lack of subject matter jurisdiction. One year later, following the expiration of the statute of limitations, defendant moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction based on plaintiff's failure to purchase a new index number and on the further ground that the action was time-barred. As noted, the court initially granted defendant's motion but, upon granting plaintiff's motion for leave to reargue, the court denied defendant's motion. We affirm.

In seeking leave to reargue, plaintiff properly contended as the basis for his motion "that the court had overlooked or misapprehended the controlling legal principles" (*Custom Topsoil, Inc. v City of Buffalo*, 12 AD3d 1162, 1164 [2004]), and the court properly agreed with plaintiff inasmuch as defendant's objection to the defective commencement by filing was untimely. Defendant is correct that, "after plaintiff successfully applied for leave to serve a late notice of claim in a separate special proceeding, he was required to comply with the filing requirements in commencing this personal injury action by paying a filing fee, obtaining a new index number, and filing the summons and complaint. Instead, plaintiff did not pay the fee and used the index number from the previously concluded special proceeding," i.e., the order to show cause, and thus plaintiff's commencement by filing was defective (*Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 159 [2006]; *see Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]). As the court properly determined upon reargument, however, a defect in compliance with the commencement-by-filing system does not deprive a court of subject matter jurisdiction and, instead, is waived absent a timely objection by defendant (*see Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718-720 [1997]). Here, defendant waived any objection to the defective filing by appearing in the action and accepting service of process without a timely objection to the commencement by filing. Based on that waiver, we thus reject defendant's further contention that the action is time-barred (*see id.* at 719). Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.