■ BERNARD GARRASI, II, Respondent, v ANNE MARIE DEAN, as Executrix of SANDY ROTUNDA, Deceased, et al., Appellants. (Appeal No. 2.) [903 NYS2d 766]—Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 11, 2010. The order granted the motion of plaintiff for, inter alia, leave to amend the complaint.

■ BERNARD GARRASI, II, Respondent, v ANNE MARIE DEAN, as Executrix of SANDY ROTUNDA, Deceased, et al., Appellants. (Appeal No. 1.) [905 NYS2d 816]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 29, 2009. The order denied the motion of defendants to dismiss the complaint in part and for a change of venue.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint against defendant Anne Marie Dean, as executrix of the estate of Sandy Rotunda, deceased, is dismissed, and venue is placed in Chautauqua County.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell in the parking area of property allegedly owned by defendants. In appeal No. 1, defendants moved, inter alia, to dismiss the complaint against defendant Anne Marie Dean, as executrix of the estate of Sandy Rotunda (decedent), on the ground that at the time of the accident decedent had no ownership interest in the property. They also moved to transfer the venue of the action from Erie County to Chautauqua County pursuant to CPLR 511 or, alternatively, CPLR 510, contending that Erie County is not a proper venue. According to defendants, all proper parties to the action reside or have their principal place of business in Chautauqua County, the incident occurred there, and the convenience of material witnesses will be promoted by the change of venue. Supreme Court denied that part of the motion with respect to decedent without prejudice to be renewed upon the completion of discovery, and the court denied that part of the motion seeking a change of venue. In appeal No. 2, plaintiff moved for leave to amend the complaint pursuant to CPLR 2001 and 3025 (b) to reflect that plaintiff in fact resided in Erie County, and he sought leave to "renew and/or reargue" his opposition to that part of defendants' motion for a change of venue, seeking to allow venue to remain in Erie County pursuant to CPLR 503 (a). The court granted plaintiff's motion.

We conclude with respect to appeal No. 1 that the court erred in denying that part of defendants' motion to dismiss the complaint against Dean, as executrix of decedent's estate. In support of their motion, defendants submitted evidence establishing as a matter of law that decedent's estate had transferred title to the subject property to defendant Rotunda Properties, LLC one year and seven months prior to plaintiff's accident and thus was not a record owner of the property at the time of the accident (*see Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001]). Plaintiff failed to raise an issue of fact to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The court also erred in

denying that part of defendants' motion for a change of venue inasmuch as the evidence before the court at the time of the motion, including the original complaint, established that no legitimate party to the action had sufficient ties with Erie County to sustain plaintiff's choice of that venue (*see* CPLR 503 [a]; *Seefeldt v Incledon* [appeal No. 2], 261 AD2d 925, 926 [1999]).

We conclude with respect to appeal No. 2 that the court properly granted that part of plaintiff's motion for leave to amend the complaint, inasmuch as plaintiff established that he maintained his residence in Erie County. We further conclude, however, that plaintiff in fact moved for leave to renew with respect to venue, despite his characterization of that part of his motion as one to "renew and/or reargue," and we modify the order by denying that part of plaintiff's motion. Plaintiff failed to establish in support of that part of his motion that he had a "reasonable justification for the failure to present [the fact concerning his correct residence in opposition to] the prior motion" (CPLR 2221 [e] [3]; *see Custom Topsoil, Inc. v City of Buffalo*, 12 AD3d 1162, 1164 [2004]). We note in any event that a "change of venue is warranted [because] . . . the action bears no relation to Erie County apart from plaintiff's asserted residence there" (*Seefeldt*, 261 AD2d at 926). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.