Matter of Casey v Town of Arietta Zoning Bd. of Appeals (2019 NY Slip Op 01289)





Matter of Casey v Town of Arietta Zoning Bd. of Appeals


2019 NY Slip Op 01289


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

527104

[*1]In the Matter of JOHN CASEY et al., Appellants,
v
TOWN OF ARIETTA ZONING BOARD OF APPEALS et al., Respondents.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellants.
Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah Everhart of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order and judgment of the Supreme Court (J. Sise, J.), entered November 3, 2017 in Hamilton County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town of Arietta Zoning Board of Appeals denying petitioners' request for a building permit.
Petitioners own a 2.6-acre parcel located in a residential zone in the Town of Arietta, Hamilton County. The property contains a 3,200-square-foot residence, a detached 1,200-square-foot garage and a boathouse. In August 2014, petitioners applied for a building permit to construct a 2,016-square-foot pole barn to be used for storage purposes. In their application, petitioners labeled the pole barn as an accessory use structure. Respondent Mel LaScola, the Town's Zoning Officer (hereinafter the Zoning Officer), asserted that the pole barn constituted a principal building as defined by the Town of Arietta Land Use Code former § 2.020 (h) due to it exceeding 1,250 square feet. Because petitioners' property already contained a home as a principal building and a 1,200-square-foot garage, the Zoning Officer denied the application.
Petitioners appealed to respondent Town of Arietta Zoning Board of Appeals (hereinafter the ZBA) asserting that the Zoning Officer's denial should be reversed, and a building permit should be issued, because (1) the proposed building is an accessory structure and not a principal building, and (2) even if the proposed building was considered a principal building, the Town Code does not limit the number of principal buildings per lot. In January 2015, the ZBA determined that petitioners' proposed building was a principal building and upheld the Zoning Officer's denial of the permit. When petitioners did not receive a written decision regarding the denial of their application, they filed a combined petition for CPLR article 78 relief and complaint seeking a declaratory judgment. Supreme Court remanded the matter based on the ZBA's failure to issue a written determination and the lack of clarity regarding what the ZBA had determined.
On remand, the ZBA limited the issue to whether the Zoning Officer made the correct decision when he denied petitioners' application to construct an accessory structure on their lot. Despite petitioners' disagreement with that characterization of the issue, the ZBA affirmed the Zoning Officer's original decision by a tie vote in December 2015. Petitioners then, at the ZBA's request, submitted another copy of their application with a revised cover sheet indicating that they sought a permit for a new building rather than an accessory structure. The Zoning Officer immediately denied that application, explaining that their property was nonconforming due to being less than three acres and, according to a February 2015 amendment to article 11 of the Town Code, the proposed structure could not be built there.
Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, annulment of the ZBA's December 2015 default decision and a declaration that petitioners' proposed pole barn is a permitted accessory structure, not a principal building, and that petitioners are entitled to a building permit. Petitioners administratively appealed the Zoning Officer's latest decision and, in May 2016, the ZBA affirmed the denial of petitioners' application to construct a new building. On stipulation, petitioners amended this combined action/proceeding to include a challenge to the May 2016 determination. Supreme Court held, among other things, that review was limited to the terms and scope of the application, the original application was solely for an accessory structure so the ZBA rationally limited its review in that regard, it was rational to conclude that the proposed building was a principal building rather than an accessory structure, and § 11.010 of the amended Town Code barred expansion on nonconforming lots. Petitioners appeal.
Regarding the ZBA's December 2015 determination, we must first ascertain what issues the ZBA addressed, or should have addressed. Supreme Court concluded that the Zoning Officer and the ZBA were limited to what petitioners sought in their application, namely, a permit to build an accessory structure (see Town Law § 267-b [1]). Petitioners assert that, because lay applicants may not understand how to label their requests, zoning officers are not bound by the applicants' characterizations and should broadly review applications to determine whether the appropriate portion of a municipality's zoning ordinance is satisfied. Petitioners' suggestion is more charitable to lay applicants, and we most likely would not disapprove of its use should a zoning board choose to implement it. Nevertheless, we realize that such an approach could require zoning officers to speculate as to an applicant's unstated intent or to provide multi-layered responses addressing every possible alternative. The interpretation of Supreme Court and the ZBA — to limit the ZBA's review to exactly what was requested in the application — reasonably places the burden on the applicant to formulate a proper request. Therefore, our review is similarly limited to that narrow issue.
"In statutory interpretation cases, the [c]ourt's primary consideration is to ascertain and give effect to the intention of the [legislative body]. The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Matter of Mestecky v City of New York, 30 NY3d 239, 243 [2017] [internal quotation marks and citations omitted]). "A zoning board's interpretation of a local zoning ordinance is afforded deference and will only be disturbed if irrational or unreasonable," except that no deference is required "where the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance in question" (Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016] [citations omitted], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]; see Matter of Sullivan v Board of Zoning Appeals of City of Albany, 144 AD3d 1480, 1482 [2016], lv denied 29 NY3d 901 [2017]).
Petitioners' initial application sought a permit for the pole barn as an accessory structure. The Town Code defined that term as "[a]ny structure . . . located on the same premises and incidental and subordinate to the main structure or principal use and that customarily accompanies or is associated with such main structure or principal use" (Town of Arietta Land Use Code former § 2.020). In contrast, the Town Code's definition of a principal building consisted of a list including, among other things, a single-family dwelling, a tourist cabin for rent, a mobile home, a commercial or industrial use structure larger than 300 square feet, or "any other structure which exceeds [1,250] square feet of floor space" (Town of Arietta Land Use Code former § 2.020). Following the list, the definition concluded with the statement that "[a]n accessory structure does not constitute a principal building" (Town of Arietta Land Use Code former § 2.020).
In his initial denial of petitioners' application, the Zoning Officer quoted the provision of the Town Code defining a building over 1,250 square feet as a principal building and noted that their home is already a principal building on their property. The ZBA, having framed the issue as whether the Zoning Officer erred when he denied petitioners' application for a permit to construct an accessory building, affirmed his determination without providing any explanation. Although the Zoning Officer's conclusion that the proposed pole barn was a principal building implicitly held that it was not an accessory structure, he did not follow the proper pathway to reach that conclusion. The Town Code's definition of principal building contained a list, but being on the list did not necessarily qualify the structure as a principal building. The final sentence of the definition excluded all accessory structures. Therefore, it is impossible to determine that a structure is a principal building without first determining whether it is an accessory structure.
The Zoning Officer skipped to the second step without having addressed the first. We cannot resolve the matter ourselves, as it falls within the discretionary province of the Zoning Officer and the ZBA. "Whether a proposed accessory use is . . . incidental to and customarily found in connection with the principal use depends on an analysis of the nature and character of the principal use of the land in question in relation to the accessory use, taking into consideration the over-all character of the particular area in question. This analysis is, to a great extent, fact-based" (Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 420 [1998] [citations omitted]; see Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d at 972). For example, although petitioners assert that a storage building is incidental to and customarily associated with a residence and three other pole barns have been built in the town, it could be argued that those other buildings were approved under different circumstances and that a 2,016-square-foot pole barn is not incidental or customary in the area. Under the original application, if the pole barn is deemed an accessory structure, the [*2]permit must be approved. If the pole barn is not deemed an accessory structure, the review is at an end and the permit should be denied because the application only sought permission for that type of structure. Accordingly, regarding the ZBA's December 2015 determination, we remit to the Zoning Officer to render a determination regarding whether the proposed pole barn is an accessory structure under the former Town Code and, based on the answer to that question, whether a permit should be granted.
Next, we address the ZBA's May 2016 determination affirming the Zoning Officer's decision to deny petitioners' application that identified the pole barn as a new building, rather than an accessory structure. The Zoning Officer's decision was not based on the type of proposed structure (i.e., accessory structure or principal building). Instead, he denied the application because petitioners' lot is smaller than the minimum three acres required in that zone, rendering it substandard and nonconforming. He attached to his decision article 11 of the amended Town Code, which addresses nonconformity.
The threshold question is whether the former Town Code or the amended Town Code should be applied to petitioners' latest application. Generally, "the law as it exists at the time a decision is rendered on appeal is controlling" (Matter of Magee v Rocco, 158 AD2d 53, 60 [1990] [internal quotation marks and citation omitted]; see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr., 64 NY2d 921, 922-923 [1985]). Moreover, "when a zoning law has been amended after the submission of an application . . ., but before a decision is rendered thereon by the reviewing agency, the courts are bound to apply the law as amended unless 'special facts' indicate that the [reviewing agency] acted in bad faith and unduly delayed acting upon the application while the zoning law was changed" (Matter of Ronsvalle v Totman, 303 AD2d 897, 899 [2003] [internal quotation marks, brackets and citations omitted]; see Matter of Cleary v Bibbo, 241 AD2d 887, 887-888 [1997]). If we consider petitioners' latest application as a new application, then the amended Town Code (enacted months before that application was submitted) would certainly apply. Even if we consider the latest application as an extension or resubmission of the first application (because the proposed building is the same and the only difference is the characterization of it on the cover sheet), the amended Town Code would apply because the Zoning Officer and the ZBA reached their determinations after the amendments went into effect. On this record, although the process has been lengthy, petitioners have not shown that the ZBA "acted in bad faith and unduly delayed acting upon [petitioners'] application while the zoning law was changed," so as to establish the "special facts" exception (Matter of Ronsvalle v Totman, 303 AD2d at 899 [internal quotation marks and citations omitted]). Thus, the amended Town Code governs petitioners' latest application.
Petitioners acknowledge that their lot is nonconforming because it measures less than the minimum intensity designation of three acres (see Town of Arietta Land Use Code §§ 3.040, 3.060). As Supreme Court concluded, although § 11.010 of the Town Code does not expressly "forbid a 'new building' which petitioners seek to build, or issuance of a permit therefor, neither does it provide or allow for such an entirely new building, or issuance of a permit therefor." That provision of the Town Code has an express purpose to allow continuation of preexisting nonconforming uses such as petitioners' residential use of their undersized lot, but also has an express purpose to bar the expansion or extension of nonconforming buildings and structures thereon. Hence, Supreme Court did not err in concluding that the ZBA had a rational basis to deny petitioners' latest application, which would expand development of their nonconforming, substandard lot. Finally, petitioners are not entitled to costs or counsel fees pursuant to Town Law § 282.
Lynch, J.P., Clark, Devine and Aarons, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the first cause of action of the amended petition and complaint; matter remitted to respondent Zoning Officer of the Town of Arietta for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.